[Cite as *State v. Shaw*, 2017-Ohio-1259.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 15 BE 0065 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| JAMES ROBERT SHAW | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from the Court of
                               Common Pleas of Belmont County, Ohio
                               Case No. 15 CR 174

JUDGMENT:                      Affirmed.

APPEARANCES:

For Plaintiff-Appellee:        Atty. Daniel P. Fry
                               Belmont County Prosecutor
                               Atty. Kevin Flanagan
                               Chief Assistant Prosecuting Attorney
                               147-A West Main Street
                               St. Clairsville, Ohio  43950
                               No Brief Filed

For Defendant-Appellant:       Atty. John M. Jurco
                               P.O. Box 783
                               St. Clairsville, Ohio  43950

JUDGES:

Hon. Cheryl L. Waite
Hon. Mary DeGenaro
Hon. Carol Ann Robb

                               Dated:  March 31, 2017

WAITE, J.

**{¶1}** Appellant James Robert Shaw appeals the conviction in Belmont County Common Pleas Court for his third offense of domestic violence, in violation of R.C. 2919.25(A). Appellant raises five issues on appeal dealing with his conviction and sentence. Following a review of this record, Appellant's assignments of error are without merit and are overruled. The trial court's decision is affirmed.

Factual and Procedural Background

**{¶2}** On August 5, 2015, the Belmont County Grand Jury indicted Appellant on his third offense of domestic violence, in violation of R.C. 2919.25(A), a felony of the third degree, for events transpiring on July 1, 2015. The indictment stated that Appellant:

did knowingly cause or attempt to cause physical harm to a family or household member, to-wit: [victim]. All in violation of Ohio Revised Code Section 2919.25(A).

**[APPELLANT] WAS PREVIOUSLY CONVICTED OF TWO (2) PRIOR DOMESTIC VIOLENCE OFFENSES AS FOLLOWS: 1) ON SEPTEMBER 30, 2003, IN CASE NO. 03M1439, IN THE OHIO COUNTY MAGISTRATE COURT – WHEELING, WEST VIRGINIA; AND 2) ON JULY 29, 2005, IN CASE NO. 05M11, IN THE MARSHALL COUNTY CIRCUIT COURT – MOUNDSVILLE, WEST VIRGINIA.**

**{¶3}** On August 13, 2015, an arraignment was held where Appellant pleaded not guilty and defense counsel was appointed. Pretrial conference was held on August 24, 2015 and two days later the trial court issued a judgment entry denying Appellant's oral request for a recognizance bond. Appellant's earlier request for recognizance bond, sent to the court by letter, was also denied.

**{¶4}** A hearing was held on September 8, 2015, where the parties informed the court that no plea agreement had been reached. At this hearing, the state provided information about newly discovered evidence. Appellant had made telephone calls to the victim while he was incarcerated, despite the existence of a restraining order. Defense counsel objected to the use of the evidence. On September 11, 2015, the state filed supplemental discovery.

**{¶5}** A jury trial was held on September 15, 2015. Appellant was found guilty of third offense domestic violence, in violation of R.C. 2919.25(A). On October 5, 2015, Appellant was sentenced to thirty months in prison, with ninety-seven days credit for time served.

**{¶6}** Appellant filed this timely appeal.

<u>ASSIGNMENT OF ERROR NO. 1</u>

The trial court erred in not declaring a mistrial.

<u>ASSIGNMENT OF ERROR NO. 2</u>

The trial court erred in introducing other acts evidence of allegedly broken ribs.

<u>ASSIGNMENT OF ERROR NO. 3</u>

The trial court erred in introducing the Wheeling, Ohio County, West Virginia conviction to prove up [sic] third offense domestic violence.

**{¶7}** Appellant contends in his first three assignments of error that the trial court erred in permitting the evidence of other bad acts and that a mistrial should have been declared. Specifically, Appellant urges that the trial court permitted other acts evidence to be put before the jury when the victim used the phrase "this time" during her testimony, and when she referred to "broken ribs" during a telephone conversation with Appellant while he was incarcerated awaiting trial. Appellant also claims the jury panel was "poisoned" by the statements made to jurors concerning Appellant's prior domestic violence convictions. Finally Appellant contends the trial court erred in permitting his Wheeling, West Virginia domestic violence conviction into evidence.

**{¶8}** The admission of evidence is within the broad discretion of the trial court and a reviewing court will not reverse its decision absent an abuse of discretion. *State v. Mays,* 108 Ohio App.3d 598, 617, 671 N.E.2d 553 (8th Dist.1996). "An abuse of discretion is more than an error of judgment; it requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable." *State v. Nuby*, 7th Dist. No. 16 MA 0036, 2016-Ohio-8157, ¶ 10, citing *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶9}** Evid.R. 404(B) reads:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It

may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. In criminal cases, the proponent of evidence to be offered under this rule shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

{¶10} During the victim's direct testimony she recounted the conversation she had with a local police department sergeant who was in the vicinity shortly after her altercation with Appellant. The victim testified that she asked the sergeant, "did you find him this time?" (09/14/15 Tr., p. 166.) Defense counsel objected that her use of the phrase "this time" implied that Appellant had committed other acts, and that use of this kind of testimony violated Evid.R. 404(B). On this basis, counsel also made an oral motion for a mistrial. The trial court overruled the request for mistrial, but instructed the jury that the phrase "this time" was being stricken from the record and should not be considered in their deliberations.

{¶11} A mistrial can be declared only where there is a "manifest necessity" for such an act. On appeal, a reviewing court must evaluate whether the trial court abused its discretion. *Arizona v. Washington*, 434 U.S. 497, 505-506, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978). A motion for mistrial should be granted only if a defendant's right to a fair trial has been adversely affected by the misconduct or irregularity

complained of in the motion. *State v. Clark*, 40 Ohio App.2d 365, 319 N.E.2d 605 (8th Dist.1974).

{¶12} In *Tingue v. State*, 90 Ohio St. 368, 108 N.E. 222 (1914), paragraph three of the syllabus, the Ohio Supreme Court held:

A mistrial should not be ordered in a cause simply because some error has intervened. The error must prejudicially affect the merits of the case and the substantial rights of one or both of the parties, and this is as true of the temporary absence of the judge as any other departure from due process of law during the trial of a cause.

{¶13} In reviewing the above testimony, it cannot be said that the state's questioning or the victim's testimony prejudicially affected the merits of the case or Appellant's substantial rights, nor did it adversely affect his right to a fair trial. The state did not ask a question about other incidents of abuse nor did it attempt in any way to elicit such testimony from the victim. Appellant's objection to the victim's volunteered and very brief comment was sustained and stricken from the record and the jury was cautioned to disregard the comment. No evidence of "other acts" was presented by the victim's testimony beyond the unsolicited comment, and this was properly addressed by the court following an objection.

{¶14} The trial court's curative instruction to the jury is recognized as an effective way to remedy errors which occur during trial. *State v. Zuern*, 32 Ohio St.3d 56, 61, 572 N.E.2d 585 (1987). Juries are presumed to follow such instructions. *State v. Henderson*, 39 Ohio St.3d 24, 33, 528 N.E.2d 1237 (1988) citing *Parker v.*

*Randolph*, 442 U.S. 62, 99 S.Ct. 2132, 60 L.Ed.2d 713 (1979). Here, the curative instruction conveyed to the jury that it should disregard the victim's statement. Likewise, they were instructed to ignore any reference the victim made to broken ribs in the recorded telephone call. This reference was not clearly linked to wrongdoing by Appellant. A curative instruction was given. There was no indication that the jury did not follow the court's instruction.

{¶15} In his third assignment of error, Appellant contends the trial court erred in permitting evidence of Appellant's Wheeling, West Virginia domestic violence conviction to be admitted in order to prove Appellant's current offense was his third offense of domestic violence. Essentially, Appellant claims he was never informed in West Virginia that his guilty plea could be used to enhance a later domestic violence charge to a felony level. In support of this contention, Appellant cites *State v. Clevenger*, 11th Dist. No. 2001-L-160, 2002-Ohio-5515. Appellant provides no argument in support of his contention other than this cite.

{¶16} R.C. 2919.25(A), (B), and (C) define the offense of domestic violence. A first-time offense is either a misdemeanor of the fourth degree or a misdemeanor of the first degree, depending upon the section of the statute under which the defendant is charged. R.C. 2919.25(D)(2). A second offense is either a felony of the fourth degree or a misdemeanor of the second degree. R.C. 2919.25(D)(3). If the offender has "pleaded guilty to or been convicted of two or more offenses of domestic violence," a subsequent domestic violence offense is elevated to either a third degree felony or a first-degree misdemeanor. R.C. 2919.25(D)(4). Because the state

contended that Appellant had two prior convictions for domestic violence, he was charged with a third-degree felony for the offense at issue.

**{¶17}** Where a prior conviction affects the degree of the offense and not just the potential penalty upon conviction, it is an essential element of the offense. *State v. Allen*, 29 Ohio St.3d 53, 54, 506 N.E.2d 199 (1987). Therefore, in the case *sub judice,* the state was required to prove that Appellant had pleaded guilty to or had been convicted of two or more domestic violence offenses. The statute allows the state to offer evidence of a defendant's guilty plea as proof of a prior offense. Whether it involved a guilty plea or conviction, the state must prove this element beyond a reasonable doubt before the level of the offense may be increased. *State v. Henderson*, 58 Ohio St.2d 171, 173, 389 N.E.2d 494 (1979).

**{¶18}** In Appellant's case, the state offered and the trial court admitted state's Exhibit 3. The exhibit contained the Wheeling, West Virginia judgment entry of Appellant's conviction in Ohio County West Virginia Magistrate's Court, Case No. 037-M-1439. Although counsel objected to admission of the document for lack of authentication at trial, which was overruled by the trial court, Appellant takes issue here not with the exhibit, but instead that he was allegedly not informed at the time of his guilty plea in West Virginia that it could be utilized later to elevate a future domestic violence offense.

**{¶19}** Again, R.C. 2919.25(D)(4) requires the state to prove beyond a reasonable doubt that Appellant had previously pleaded guilty to or been convicted of two or more offenses of domestic violence. If the state offers such proof by means of

an earlier judgment entry, that entry must comply with Crim.R. 32(C). It must set forth (1) the fact of a conviction, (2) the sentence, (3) the judge's signature, and (4) the time-stamp indicating that the clerk entered the judgment on the journal.

{¶20} The state here offered a judgment entry from the Wheeling, West Virginia court in order to prove one of Appellant's prior convictions. It reflected the conviction; sentencing; the signature of the judge; and contained an indication of journalization by the clerk. At trial, defense counsel never raised any issue regarding the substance of the West Virginia plea and whether Appellant was made aware of its potential for use in elevating a future offense. This issue is waived. Moreover, the issue of whether his West Virginia plea was entered knowingly or voluntarily is not before us. Thus, Appellant's assertions in his first three assignments of error that he was prejudiced by evidence is not supported by the record. Neither the victim's statements nor the prior domestic violence conviction are tantamount to prior acts evidence warranting a mistrial. The trial court properly provided a curative instruction and did not abuse its discretion in denying Appellant's counsel's oral motion for a mistrial. Additionally, the inclusion of Appellant's prior domestic violence conviction was a required element of the offence. Therefore, Appellant's first three assignments of error are without merit and are overruled.

## ASSIGNMENT OF ERROR NO. 4

Defense counsel committed ineffective assistance of counsel by not having the appellant stipulate to his two (2) prior offenses of domestic

battery and, as such, prevent the State from proving these facts to the jury.

**{¶21}** In his fourth assignment of error, Appellant argues he was denied the effective assistance of counsel when trial counsel failed to have Appellant stipulate to his prior domestic violence convictions.

**{¶22}** To prevail on an ineffective assistance of counsel claim, Appellant must show not only that counsel's performance was deficient, but also that he was prejudiced by that deficiency. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also State v. Williams,* 99 Ohio St.3d 493, 2003-Ohio-4396, 794 N.E.2d 27, ¶ 107. "Deficient performance" is defined as performance that falls below an objective standard of reasonable representation. *Strickland* at 687-688.

**{¶23}** Prejudice is shown when there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 694. Appellant's burden in an ineffective assistance challenge is to demonstrate some action or inaction by trial counsel that undermined or called into question the integrity of the process that resulted in conviction. *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999).

**{¶24}** When evaluating conduct of trial counsel, courts, "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *State v. Wesson,* 137 Ohio St.3d 309, 2013-Ohio-4575, 999 N.E.2d 557, ¶ 81.

{¶25} Appellant cites *State v. Gwen*, 134 Ohio St.3d 284, 2012-Ohio-5046, 982 N.E.2d 626 for the contention that, when dealing with domestic violence offenses, a defendant "may, and often does, stipulate to a prior conviction to avoid the evidence being presented before a jury." *Id.* at ¶ 14. While that certainly is a true statement, there is no requirement that a defendant stipulate to prior offenses. In fact, as the state is charged with proving those prior convictions beyond a reasonable doubt, counsel may have legitimate reasons for advising a defendant not to stipulate. Appellant admits as much in his appellate brief, when he contends that there was an error with a prior conviction and, had Appellant stipulated to that conviction, he would have been precluded from raising that argument. A decision not to stipulate to a prior conviction utilized to elevate a domestic violence offense can be part of trial strategy, and the record before us provides no indication that trial counsel undermined or called into question his effectiveness or the fairness of the process in general. This record, then, reveals no deficient performance nor prejudice to Appellant.

{¶26} Appellant's fourth assignment of error is without merit and is overruled.

### ASSIGNMENT OF ERROR NO. 5

The trial court erred in sentencing the appellant, James Robert Shaw to thirty (30) months in prison less credit for time served for a smack.

{¶27} In Appellant's fifth assignment of error he contends his felony sentence is contrary to law since he is guilty of inflicting merely "a smack" to the victim.

{¶28} In reviewing a felony sentence, "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing

evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

**{¶29}** Appellant asserts various reasons why his sentence is contrary to law, including that no children, sex, weapons or gang-member activity were involved; the offense was a "single strike or smack for which the alleged victim did not receive any medical treatment" and the victim did not suffer serious harm because she did not "have to put anything on the location where she was allegedly struck" (Appellant's Brf., p. 19). Appellant also states that he apologized and that the only aggravating factor pursuant to R.C. 2929.12(B) was that he knew his victim. Finally, Appellant argues that the victim touched Appellant first.

**{¶30}** After reciting this litany, Appellant goes no further in providing argument in support of this assignment of error. Whether Appellant feels this list stands on its own requiring no further explanation, or Appellant himself could find no supporting authority in support of his contention is unclear.

**{¶31}** R.C. 2929.12 sets forth the discretion of the sentencing court to determine the most effective way to comply with the purposes and principles of sentencing. R.C. 2929.12(A). In exercising such discretion, the court must consider the statutory seriousness and recidivism factors in R.C. 2929.12(B), (C), (D), and (E) and may consider any other relevant factors. *Id.*

**{¶32}** The factors that indicate the offender's conduct is more serious than conduct normally constituting the offense include: (1) a physical or mental injury was

exacerbated due to the victim's physical or mental condition or age; (2) the victim suffered serious physical, psychological, or economic harm; (3) the offender held a public office or position of trust in the community; (4) the offender's occupation, office, or profession obliged the offender to prevent the offense or bring others committing it to justice; (5) the offender's professional reputation, occupation, office, or profession was used to facilitate the offense or is likely to influence the conduct of others; (6) the offender's relationship with the victim facilitated the offense; (7) the offense was committed for hire or as part of organized criminal activity; (8) the offense was motivated by prejudice; or (9) the offense is domestic violence (or assault involving a family or household member), the offense was committed in the vicinity of a child (who is not the victim), and the offender or victim is a parent or person *in loco parentis* to the child.  R.C. 2929.12(B)(1)-(9).

**{¶33}** The factors that indicate the offender's conduct is less serious than conduct normally constituting the offense include:  (1) the victim induced or facilitated the offense; (2) the offender acted under strong provocation; (3) the offender did not cause or expect to cause physical harm to any person or property; and (4) there are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.  R.C. 2929.12(C)(1)-(4).

**{¶34}** The factors that indicate the offender is likely to commit future crimes include:  (1) at the time of the offense, the offender was under pretrial release, community control, postrelease control or other sanctions for an earlier offense or was unfavorably terminated from postrelease control or transitional control; (2) the

offender has a history of criminal convictions or was previously adjudicated a delinquent child; (3) the offender has not responded favorably to sanctions previously imposed for criminal convictions or has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child; (4) the offender has a pattern of drug or alcohol abuse related to the offense and refuses to acknowledge that pattern or refuses treatment; or (5) the offender shows no genuine remorse for the offense. R.C. 2929.12(D)(1)-(5).

**{¶35}** The factors that indicate the offender is not likely to commit future crimes include: (1) the offender was not previously adjudicated a delinquent child; (2) the offender was not previously convicted of a criminal offense; (3) the offender previously led a law-abiding life for a significant number of years; (4) the offense was committed under circumstances not likely to recur; and (5) the offender shows genuine remorse for the offense. R.C. 2929.12(E)(1)-(5).

**{¶36}** R.C. 2929.11 does not require the trial court to make any specific findings as to the purposes and principles of sentencing. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31. Similarly, R.C. 2929.12 does not require the trial court to "use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

**{¶37}** A silent record raises the rebuttable presumption that the sentencing court considered the proper statutory items within R.C. 2929.11 and R.C. 2929.12. *State v. Grillon*, 7th Dist. No. 10 CO 30, 2012-Ohio-893, ¶ 131.

**{¶38}** In the instant case, the trial court expressly stated at the sentencing hearing that the court reviewed R.C. 2929.11 and R.C. 2929.12 at length. (Sentencing Hrg. Tr., pp. 6-9.) The court also stated it reviewed the file and PSI at length. *Id*. at 6. The court quoted facts reported in the PSI and made statements related to the seriousness of the offense. *Id*. at 6-8. Regarding recidivism, the court read Appellant's criminal record into the record and noted Appellant's prior criminal history included violence directed against women. *Id*. at pp. 7-8. The court stated, "I don't believe that you've shown any real remorse. Instead, * * * you try to explain away your prior conduct, and your real concern is how you are going to be treated in prison if you're sent there, rather than how you have treated your victims, including the victim in this case." *Id*. at 8. The court also declared that the sentence was based on his prior domestic violence offense, felony sex abuse convictions, and the need for punishment. *Id.* at 7-8.

**{¶39}** Moreover, in the sentencing entry the trial court explicitly declared that it was to consider: "the principles and purposes of sentencing set forth in Revised Code §2929.11, consider the factors contained in Ohio Revised Code §2929.12(B),(C),(D), and (E), and any other factors relevant to achieving those purposes and principles." (10/6/15 J.E., p. 2.) The judgment entry also stated the court considered the record, including Appellant's violation of the no-contact order

while incarcerated, the oral statements, and the PSI. The sentencing entry set forth findings that aligned with the statutory factors. For instance, the court reiterated that Appellant has a criminal history, particularly of violent crimes against women, and recited some of the offenses. In the entry the court expressly stated that Appellant has not responded to sanctions previously imposed and that he has an established pattern of violent criminal activity against women without any genuine remorse for his conduct. The court found no mitigating factors suggesting that recidivism was unlikely. The court added that community control would not adequately punish Appellant or protect the public and would demean the seriousness of the offense.

**{¶40}** Regarding the factors in R.C. 2929.12(B) making the offense more serious, Appellant's relationship with the victim, who was his ex-girlfriend and mother of his child, facilitated the offense. See R.C. 2929.12(B)(6). The victim suffered physical and psychological harm. See R.C. 2929.12(A) (any other factor).

**{¶41}** Regarding evaluation of the factors in R.C. 2929.12(C) that can make an offense less serious, the court found no factors in Appellant's favor.

**{¶42}** As to the factors in R.C. 2929.12(D) indicating the offender is likely to commit future crimes, this was Appellant's third domestic violence conviction. He also had two felony sex abuse convictions and two convictions for persistent disorderly conduct and was on misdemeanor probation when he committed the instant offense. See R.C. 2929.12(D)(1). Appellant has not responded favorably to sanctions previously imposed. See R.C. 2929.12(D)(3).

**{¶43}** There was no expression of genuine remorse, and he did not accept responsibility for the offense. See R.C. 2929.12(D)(5). Compare R.C. 2929.12(E)(5) (showing genuine remorse is a factor making recidivism less likely).

**{¶44}** As to the factors in R.C. 2929.12(E) that indicate an offender is not likely to commit future crime, as a juvenile Appellant had three delinquency adjudications. See R.C. 2929.12(E)(1). Appellant's adult offenses, including those similar to the one at issue, weigh heavily on the scale. See R.C. 2929.12(E)(2). His record shows he did not lead a law-abiding life for a significant number of years prior to this offense. See R.C. 2929.12(E)(3). The record reflects the offense was committed under circumstances likely to recur. See R.C. 2929.12(E)(4).

**{¶45}** R.C. 2929.11(A) speaks of an "unnecessary" burden on government resources, and even that concern must be weighed against the general purposes and principles of sentencing. See also *Grillon*, *supra*, at ¶ 136 (costs should not outweigh the benefit the people of the state derive from an offender's incarceration). The trial court exercised its discretion in weighing the factors and in determining that a maximum sentence of 30 months was appropriate, and that any burden on resources was not unnecessary or was outweighed by the need to protect the public, deter the offender and others, and punish Appellant.

**{¶46}** As set forth in the record and in the trial court's findings, Appellant has demonstrated a pattern of violence against women. A long history of domestic violence and felony sex convictions makes Appellant's current contention that his sentence was contrary to law because his offense consisted only of a "smack" ring

even more hollow. The severity of the physical and psychological harm to the victim is listed as a factor within the determination of whether the offender's conduct is more serious than conduct normally constituting the offense. See R.C. 2929.12(B)(2). Even here the court noted that, although the physical harm to the victim in this instance was not substantial, the psychological impact of being slapped across the face in the middle of the street along with Appellant's long history of violence against women demonstrates the necessity for incarceration. To present to this Court that Appellant committed only "a single strike or smack" and that the victim "put her hand on the appellant first, albeit non-violently" demonstrates a willfully myopic view of Appellant's long history of violence. (Appellant's Brf., pp. 19-20.)

{¶47} Thus, this Court does not clearly and convincingly find that Appellant's sentence is contrary to law as required by the statute governing the appeal. For the foregoing reasons, Appellant's fifth assignment of error is without merit and is overruled.

{¶48} Based on the foregoing, Appellant's assignments of error are overruled and the judgment of the trial court is affirmed.

DeGenaro, J., concurs.

Robb, P.J., concurs.