[Cite as *State v. Hudson*, 2020-Ohio-3360.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

RHA'DANTE A. HUDSON,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 CO 0020**

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2017 CR 123

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Robert Herron*, Columbiana County Prosecutor and *Atty. Ryan P. Weikart*, Assistant Prosecuting Attorney, 105 South Market Street, Lisbon, Ohio 44432, for Plaintiff-Appellee

*Atty. Adam Buente*, 841 Boardman-Canfield Road, Suite 307, Boardman, Ohio 44512, for Defendant- Appellant.

Dated: June 10, 2020

_____

**D'APOLITO, J.**

{¶1}   Appellant, Rha'Dante A. Hudson, appeals from the February 26, 2019 judgment and February 28, 2019 nunc pro tunc judgment of the Columbiana County Court of Common Pleas sentencing him to 24 months in prison for trafficking in drugs and trafficking in a counterfeit controlled substance with forfeiture specifications following a guilty plea.  On appeal, Appellant takes issue with his sentence.  Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2}   On October 18, 2017, Appellant, d.o.b. July 30, 1998, was indicted by the Columbiana County Grand Jury on seven counts: one count of trafficking in drugs, a felony of the third degree, in violation of R.C. 2925.03(A)(1); four counts of trafficking in drugs, felonies of the fourth degree, in violation of R.C. 2925.03(A)(1); one count of trafficking in drugs, a felony of the fifth degree, in violation of R.C. 2925.03(A)(1); one count of trafficking in a counterfeit controlled substance, a felony of the fourth degree, in violation of R.C. 2925.37(B); and three forfeiture specifications under R.C. 2941.1417(A).[1] Appellant was appointed counsel and initially pleaded not guilty at his arraignment.

{¶3}   Thereafter, Appellant informed the trial court that he wished to plead to the indictment as charged without a felony plea agreement.  A change of plea hearing was held on June 29, 2018.  Appellant withdrew his former not guilty plea and entered a guilty plea to the counts and specifications as charged in the indictment.  The trial court accepted Appellant's guilty plea after finding it was made in a knowing, intelligent, and voluntary manner pursuant to Crim.R. 11.  The court ordered a PSI and deferred sentencing.

---

[1] The charges stem from Appellant's involvement over the course of several months where he sold controlled substances and counterfeit controlled substances to members of the Columbiana County Drug Task Force in direct buys.  While this indictment was pending, Appellant was convicted of tampering with evidence in Trumbull County.

**{¶4}** A sentencing hearing was held on February 22, 2019. Appellee, the State of Ohio, recommended a net term of 24 months in prison, noting Appellant's significant criminal history, the substances involved, and his lack of remorse. The trial court noted the troubling nature of the indictment, which reflected a pattern of criminal behavior spanning a number of months involving heroin, cocaine, and fentanyl.

**{¶5}** After considering the record, the information presented at the hearing, the sentencing memorandum, the interim progress report, the PSI, the purposes and principles of sentencing under R.C. 2929.11, and the seriousness and recidivism factors under R.C. 2929.12, the trial court sentenced Appellant to a total of 24 months in prison. The court also suspended Appellant's driver's license for 60 months, ordered him to pay a $5,000 mandatory fine, and notified him that post-release control is optional for a period of up to three years.

**{¶6}** Appellant filed a delayed appeal and raises one assignment of error.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT FAILED TO PROPERLY CONSIDER THE SERIOUSNESS AND RECIDIVISM FACTORS SET FORTH IN R.C. 2929.12, AND APPELLANT'S SENTENCE SHOULD THEREFORE BE VACATED.**

**{¶7}** This court utilizes R.C. 2953.08(G) as the standard of review in all felony sentencing appeals. *State v. Michaels*, 7th Dist. Mahoning No. 17 MA 0122, 2019-Ohio-497, ¶ 2, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

**{¶8}** R.C. 2953.08(G) states in pertinent part:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand

the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶9} Although trial courts have full discretion to impose any term of imprisonment within the statutory range, they must consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12.

{¶10} R.C. 2929.11(A) provides that the overriding purposes of felony sentencing are (1) "to protect the public from future crime by the offender and others"; and (2) "to punish the offender * * * using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶11} R.C. 2929.12 provides a nonexhaustive list of sentencing factors the trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses. The court that imposes a felony sentence "has discretion to determine the most effective way to comply with the purposes and principles of sentencing." R.C. 2929.12(A). The factors a trial court may consider include the "more serious" factors, such as "[t]he physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim" and "[t]he victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense." R.C. 2929.12(B)(1)

and (2). The court may also consider the "less serious" factors, any recidivism factors, and any mitigating factors listed in R.C. 2929.12(C)-(F).

> R.C. 2929.11 does not require the trial court to make any specific findings as to the purposes and principles of sentencing. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31. Similarly, R.C. 2929.12 does not require the trial court to "use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

*State v. Shaw*, 7th Dist. Belmont No. 15 BE 0065, 2017-Ohio-1259, ¶ 36.

**{¶12}** Appellant asserts the sentencing judge was not familiar with the case because he was not the same judge that took the plea. This court disagrees. Appellant entered a guilty plea which the trial court accepted after finding it was made pursuant to Crim.R. 11. The judge at that time and before his term was set to expire, ordered a PSI to be utilized at the deferred sentencing hearing. There is no evidence in the record that the sentencing judge was unfamiliar with Appellant's case.

**{¶13}** In fact, at the sentencing hearing, the sentencing judge heard from the attorneys and from Appellant, who apologized and indicated that he sought to change himself for the better. The judge proceeded by stating the following:

> THE COURT: I've considered the record. I've considered the information presented at this hearing. I've considered the presentence investigation report as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11. And I balanced seriousness and recidivism factors of Ohio Revised Code Section 2929.12.

> Mr. Hudson, I did review the presentence report, the sentencing memorandum, and also the interim status progress report that was filed in this case.

> I do note that you have a lengthy juvenile record and when [your counsel]

said it's your first felony as an adult, I was pointing out that this - - you know, as a juvenile, you obviously have a lengthy record.

You have a somewhat lengthy adult criminal record, too, and I'm troubled by the indictment in this case, which reflects a pattern of criminal behavior spanning a number of months. As [the prosecutor] aptly noted it does involve heroin, cocaine, and fentanyl.

(2/22/2019 Sentencing Hearing T.p. 9-10).

{¶14} Also, in its February 26, 2019 judgment and February 28, 2019 nunc pro tunc judgment, the trial court stated:

The Court has considered the record, the information presented at the hearing, any victim impact statement, the pre-sentence investigation, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors of R.C. 2929.12.

[Appellant] has a significant past criminal record, including multiple delinquency adjudications as a juvenile. [Appellant] has a somewhat lengthy adult criminal record. The offenses in this case involve the sale of controlled substances including Heroin, Cocaine, and Fetanyl, over a period of months.

(2/26/2019 Judgment Entry and 2/28/2019 Nunc Pro Tunc Judgment Entry, p. 2).

{¶15} Accordingly, the record reflects the trial court gave due deliberation to the relevant statutory considerations. The court considered the purposes and principles of felony sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12.

{¶16} As stated, Appellant was sentenced to a total of 24 months in prison following a guilty plea. Specifically, the trial court sentenced Appellant on counts one, two, three, and four, felonies of the third, fourth, and fifth degrees, to 12 months in prison on each count to be served concurrently with each other. The court sentenced Appellant on counts five, six, and seven, felonies of the fourth degree, to 12 months in prison on

each count to be served concurrently with each other but consecutively to his prison sentence on counts one, two, three, and four.

{¶17} Thus, Appellant's 12-month sentence on each count is within the statutory range for each felony offense. *See* R.C. 2929.14(A)(3)(b) ("For a felony of the third degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be a definite term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months"); R.C. 2929.14(A)(4) ("For a felony of the fourth degree, the prison term shall be a definite term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months."); R.C. 2929.14(A)(5) ("For a felony of the fifth degree, the prison term shall be a definite term of six, seven, eight, nine, ten, eleven, or twelve months.") Also, the record reveals the trial court properly advised Appellant regarding post-release control.

{¶18} Accordingly, the trial court complied with all applicable rules and statutes. As a result, we do not find by clear and convincing evidence that the record does not support Appellant's sentence or that the sentence is contrary to law.

## CONCLUSION

{¶19} For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The February 26, 2019 judgment and February 28, 2019 nunc pro tunc judgment of the Columbiana County Court of Common Pleas sentencing Appellant to 24 months in prison for trafficking in drugs and trafficking in a counterfeit controlled substance with forfeiture specifications following a guilty plea are affirmed.

Donofrio, J., concurs.

Robb, J., concurs.

Case No. 19 CO 0020

[Cite as *State v. Hudson*, 2020-Ohio-3360.]

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**