[Cite as *State v. Duley*, 2023-Ohio-4722.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

DANNY DULEY,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 MA 0001**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 21 CR 727

**BEFORE:**
Carol Ann Robb, David A. D'Apolito, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Gina DeGenova,* Mahoning County Prosecutor*, Atty. Edward A. Czopur,* Assistant
Mahoning County Prosecutor*,* for Plaintiff-Appellee and

*Atty. Rhys B. Cartwright-Jones*, for Defendant-Appellant.

Dated:  December 18, 2023

**Robb, J.**

**{¶1}** Defendant-Appellant Danny Duley appeals after pleading guilty in the Mahoning County Common Pleas Court. He contests his "near-maximum" sentence, arguing the court failed to consider or properly weigh the pertinent mitigating sentencing factors. For the following reasons, the trial court's decision is affirmed.

<u>STATEMENT OF THE CASE</u>

**{¶2}** On November 2, 2021, Appellant shot the mother of his child in the head. He was indicted for attempted murder (a first-degree felony), felonious assault (a second-degree felony), having a weapon while under disability (a third-degree felony), domestic violence (a first-degree misdemeanor), and a firearm specification. (12/16/21 Ind.). He pled guilty to felonious assault and domestic violence. In exchange, the state agreed to dismiss the other charges and recommend a prison sentence of 10 to 13.5 years, while Appellant would seek a lesser sentence. A presentence investigation was ordered.

**{¶3}** At sentencing, the prosecutor explained the facts of the case, and the victim added to those facts during her statement to the court. Appellant and the victim had been arguing about breaking up for weeks. He was upset she was seeing someone else. He demanded to see her phone and pulled out a gun upon her refusal. When she started to flee the house, Appellant pointed the gun at the back of her head and fired it. Because she was just turning her head to grab their five-year-old child's hand, the shot hit her in the area of her temple (instead of the back of the head). The child screamed for help as he watched his mother on the ground crying for help and bleeding from the head. The victim said the child asked Appellant why he did this, and Appellant informed the child he did it because he believed the mother had a boyfriend. When neighbors arrived at the scene, Appellant was trying to fix his gun while declaring it was jammed. The state theorized Appellant would not know the gun was jammed unless he tried to fire it a second time. Likewise, the victim said Appellant was desperately trying to unjam the gun to shoot her again. (Tr. 11). She also said Appellant claimed he called 911 for her but did not do so. He then fled the scene.

**{¶4}** The victim disclosed the shooting caused post-traumatic stress disorder (PTSD), flashbacks, nightmares, and anxiety for her and her child, who lost his sense of

safety and still cries about the situation. The victim also suffers from depression. As a result of the shooting, she is required to take various medications and continues to suffer numbness, headaches, and limited motion in her arm. (Tr. 9-10. 12).

**{¶5}** Appellant's adult daughter spoke in mitigation, and Appellant exercised his allocution right. (Tr. 20-21). For the second-degree felony of felonious assault, the trial court followed the state's recommendation and imposed a sentence of 7 to 10.5 years plus the required 3 years for the firearm specification, for a total sentence of 10 to 13.5 years. The within appeal followed.

ASSIGNMENT OF ERROR

**{¶6}** Appellant's sole assignment of error provides:

"The trial [c]ourt erred in imposing a near-maximum sentence on Duley, having not given consideration to R.C. 2929.12."

**{¶7}** In felony sentencing, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2). The court can vacate or modify a felony sentence if it clearly and convincingly finds (a) the record does not support the court's findings under certain specifically cited statutory divisions or (b) the sentence is otherwise contrary to law. *Id.*

**{¶8}** Appellant argues his sentence was clearly and convincingly contrary to law because the trial court failed to consider the seriousness and recidivism factors in R.C. 2929.12. He then emphasizes certain factors he believes should have been weighed in his favor to support a sentence lower than the imposed prison term of 7 years with a maximum indefinite sentence range of up to 10.5 years. For the second-degree felony, Appellant could have been sentenced to 8 to 12 years. R.C. 2929.14(A)(2)(a); R.C. 2929.144(B)(1).

**{¶9}** As to Appellant's initial argument, unlike other statutory provisions cited in the sentencing review statute, R.C. 2929.12 does not require a trial court to make any specific factual findings on the record. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 20, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31 and *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). Even "[a] silent record raises the rebuttable presumption that the sentencing court

considered the proper statutory items within R.C. 2929.11 and R.C. 2929.12." *State v. Shaw*, 7th Dist. Belmont No. 15 BE 0065, 2017-Ohio-1259, ¶ 37.

**{¶10}** Here, the trial court made inquiries at sentencing while defense counsel was citing specific subdivisions in R.C. 2929.12 and arguing their mitigating effect. (Tr. 15-18). In addition, the court specifically announced at the sentencing hearing that it "balanced the seriousness and recidivism factors set forth in Revised Code Section 2929.12 * * *." (Tr. 22). Thereafter, the sentencing entry reiterated, "[the court] has balanced the seriousness and recidivism factors under R.C. 2929.12." (12/12/22 J.E.).

**{¶11}** As to Appellant's other argument, R.C. 2929.12 is not one of the statutes specifically listed in R.C. 2953.08(G)(2)(a). *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 28 (the court thus cannot use (G)(2)(a) to review whether the record supports findings under R.C. 2929.12), rejecting dicta in *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23. Moreover, the "otherwise contrary to law" language in the sentencing review statute does not allow the appellate court to reverse by finding "the record does not support the sentence." *Id.* at ¶ 38. "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42.

**{¶12}** In any event, there is no indication the court failed to consider the seriousness and recidivism factors in R.C. 2929.12, and Appellant's sentence is supported by those factors. In arguing the trial court overlooked factors making the offense less serious, he quotes R.C. 2929.12(C)(2) and says he "acted under strong provocation." He points to the information he learned about his relationship and claims the victim threatened to keep his child from him. However, these ideas and words are not "strong provocation" for a shooting.

**{¶13}** Quoting R.C. 2929.12(C)(4), Appellant also says there were "substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense." He points to evidence of a PTSD diagnosis and other mental health issues (including depression), which were being attributed to a brain injury he suffered during a 2014 car accident. We note the cited mental health evaluations occurred (and the resulting conclusions were generated) after the October 2022 plea (which was nearly

a year after the shooting). Additionally, the cited grounds need not be considered "substantial" when ascertaining the sentence in this case. Notably, the location of the gunshot wound and the context, including the sequence of events and the gun jamming, are relevant to the seriousness of the offense, regardless of the agreement to dismiss the original charge of attempted murder. *See* R.C. 2929.12(B) (any other relevant factor in finding the offense was more serious). In any case, the court imposed less than the maximum available sentence.

{¶14} As the state pointed out at sentencing, Appellant's relationship with the victim facilitated the offense. *See* R.C. 2929.12(B)(6). Moreover, a child was next to the shooting victim. *See* R.C. 2929.12(B) (any other relevant factor). Appellant was the child's father, and that relationship exacerbated the trauma inflicted on the child by watching his mother be shot in the head by his father. *See* R.C. 2929.12(B)(9). While acknowledging the victim suffered serious physical and psychological harm and continued to suffer physical and psychological symptoms over a year after the offense, we nevertheless recognize serious physical harm was an element of the offense. *See* R.C. 2903.11(A); R.C. 2901.01(A)(5).

{¶15} Appellant also believes the court overlooked factors making or decreasing the risk of recidivism. His criminal records showed two older convictions and a probation violation, but his record suggested he led a law-abiding life for a significant number of years. R.C. 2919.12(E)(2)-(3). Quoting R.C. 2929.12(E)(4), he says the "offense was committed under circumstances not likely to recur." However, there is no indication Appellant would be unlikely to respond with violence when confronted with a similar emotional situation in the future. Lastly, the sentencing court was not required to accept Appellant's allocution (saying he was "sorry that this happened" and he was "ready to accept responsibility") as evidence of "genuine remorse." *See* R.C. 2929.12(D)(5),(E)(5). His sincerity is a matter for the fact-finder.

{¶16} In conclusion, the trial court clearly considered R.C. 2929.12 before sentencing Appellant to a year less than the maximum base term. We cannot clearly and convincingly find the sentence is contrary to law. This assignment of error is overruled.

{¶17} For the foregoing reasons, the sentence imposed by the trial court is affirmed.

D'Apolito, P.J., concurs.

Hanni, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**