[Cite as *State v. Smithberger*, 2017-Ohio-8015.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 16 BE 0033 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| KATRINA ANN SMITHBERGER | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from the Court of
                             Common Pleas of Belmont County,
                             Ohio
                             Case No. 15 CR 117

JUDGMENT:                    Affirmed.

APPEARANCES:

For Plaintiff-Appellee:      Atty. Daniel P. Fry
                             Belmont County Prosecutor
                             Atty. Kevin Flanagan
                             Assistant Prosecuting Attorney
                             147-A West Main Street
                             St. Clairsville, Ohio  43950

For Defendant-Appellant:     Atty. John M. Jurco
                             P.O. Box 783
                             St. Clairsville, Ohio  43950

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Carol Ann Robb

                             Dated:  September 25, 2017

WAITE, J.

**{¶1}** Appellant Katrina Ann Smithberger appeals the judgment of the Belmont County Common Pleas Court, revoking her community control sanctions and sentencing her to the balance of her original twelve-month prison term (less credit for time served) and a suspension of ninety-one days, for a total term of seven months. Court appointed appellate counsel filed a no merit brief. Neither Appellant nor Appellee filed a brief in this matter. Upon review of the record, there are no appealable issues. For the foregoing reasons, the trial court's judgment is affirmed and counsel's motion to withdraw is granted.

Factual and Procedural History

**{¶2}** On May 7, 2015, the Belmont County Grand Jury indicted Appellant on two counts of theft. One count was a fourth degree felony, the other a fifth degree felony. These charges stemmed from Appellant's theft of six personal checks from her uncle, which she cashed at a local bank. The amount totaled $5,400.

**{¶3}** On July 7, 2015, Appellant pleaded guilty to theft in violation of R.C. 2913.02(A)(1), a felony of the fifth degree. The state recommended five years of community control and payment of restitution in the amount of $5,400.

**{¶4}** A sentencing hearing was held on July 20, 2015. The trial court sentenced Appellant to twelve months in prison. This was suspended to five years of community control sanctions, to include thirty days in jail with twelve days of credit, and payment of restitution in the amount of $5,400.

**{¶5}** On May 11, 2016, the Belmont County Adult Parole Authority submitted a request to revoke Appellant's community control sanctions. Appellant was accused

of thefts from a grocery store in Caldwell, Ohio on three separate dates: March 22, 23 and 24, 2016. Appellant had also failed to pay any restitution or court costs. A hearing on Appellant's violation of community control sanction was set for May 23, 2016. Appellant failed to appear and a warrant for her arrest was issued. A hearing was held on June 16, 2016 where the trial court found that Appellant had violated the terms of her community control sanctions. The court revoked Appellant's community control and sentenced her to the balance of the original twelve-month prison term less credit for fifty-nine days, served and with a suspension of ninety-one additional days, for a total of seven months of imprisonment. Appellant filed this timely appeal.

**{¶6}** Appellant's appointed counsel filed a no merit brief and a request to withdraw pursuant to *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist.1970). On November 7, 2016, we issued a judgment entry notifying the parties that Appellant's court appointed counsel had filed a *Toney* brief and advising Appellant she had 30 days to file a *pro se* brief. Appellant did not file a brief. Thus, we must conduct our own independent review pursuant to *Toney.*

**{¶7}** In *Toney,* this Court set out the procedure to be used when appointed counsel finds that an indigent criminal defendant's appeal is frivolous. The procedure set out in the syllabus is as follows:

> 3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court

by brief and request that he be permitted to withdraw as counsel of record.

4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, *pro se.*

5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments *pro se* of the indigent, and then determine whether or not the appeal is wholly frivolous.

* * *

7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed.

*Id.* at syllabus.

{¶8} There are two issues to be examined in the instant matter: whether the trial court abused its discretion in revoking Appellant's community control sanction and whether Appellant's sentence was proper.

{¶9} We find no possible issues on appeal that could be categorized as nonfrivolous. Here, after a probation violation hearing, Appellant's community control

sanction was revoked. A community control revocation hearing is not a criminal trial, and the state does not have the burden of establishing a violation with proof beyond a reasonable doubt. *State v. Delaine,* 7th Dist. No. 08 MA 0257, 2010-Ohio-609, ¶ 14. A trial court's decision to revoke community control is reviewed for an abuse of discretion. *State v. Scott,* 6 Ohio App.3d 39, 41, 452 N.E.2d 517 (2d Dist.1982). An abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams,* 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶10}** The state's burden at a probation revocation hearing is not proof beyond a reasonable doubt. *State v. Hilson,* 7th Dist. No. 11-MA-95, 2012-Ohio-4536, ¶ 10. Instead, the state need only present evidence of a substantial nature showing that the probationer has breached a term or condition of her probation. *Id .*

**{¶11}** Pursuant to Crim.R. 32.3(A):

> The court shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed.

**{¶12}** A revocation of probation implicates two due process requirements. First, the trial court must conduct a preliminary hearing to determine whether there is probable cause to believe that the defendant has violated the terms of probation. *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 35 L.Ed.2d 656 (1973). The court is then required to hold a final hearing to determine whether revocation of probation should occur. *State v. Brown,* 7th Dist. No. 10 MA 34, 2010-Ohio-6603, ¶ 15.

{¶13} In this matter there were two hearings. The first hearing was set for May 23, 2016. Appellant failed to appear and a warrant was issued. The probation revocation hearing was held on June 6, 2016 at which Appellant appeared in the custody of the Belmont County Sheriff's Department. Appellant entered an admission to the violations contained in the motion to revoke community control sanctions filed on May 11, 2016. Appellant then appeared at the sentencing hearing on June 16, 2016, and provided no explanation for her actions. In fact, she declined to make any statement. The court noted:

> See, I don't get what people don't get. When you're on probation, you don't steal things. Is that difficult for someone to understand? That is like a no-brainer.

> This Court has reviewed the file, has reviewed the sentencing criteria of Ohio Revised Code 2929.11, 2929.12. Even though sentencing has already occurred, I'm reimposing that portion that hasn't been served. She will serve seven months remaining.

(6/16/16 Sentencing Tr., p. 4.)

{¶14} Appellant was sentenced to seven months, the remaining balance of her original twelve-month sentence. The record reveals no abuse of discretion in the community control revocation proceedings.

{¶15} The second issue we must review is whether the trial court's sentence is contrary to law. In reviewing a felony sentence, "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing

evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

**{¶16}** Thus, in order to vacate or modify Appellant's sentence, we must find by clear and convincing evidence that, (1) the record does not support the sentence, or (2) is contrary to law.

**{¶17}** The trial court sentenced Appellant to seven months of imprisonment, the balance of the original twelve-month sentence for the fifth degree felony to which Appellant had pleaded guilty. The possible sentences for a fifth degree felony are six, seven, eight, nine, ten, eleven or twelve months. Appellant's sentence is clearly within the applicable range.

**{¶18}** At the second hearing the trial court noted that it reviewed the file and the sentencing criteria in R.C. 2929.11 and R.C. 2929.12 before reimposing the balance of Appellant's original sentence. Moreover, in the judgment entry of sentence the trial court noted that pursuant to R.C. 2929.13(F), it is presumed that prison is not necessary to comply with the purposes and principles of sentencing. Additionally, the trial court noted that it considered the principles and purposes of sentencing as set forth in R.C. 2929.11 and considered the factors in R.C. 2929.12(B), (C), (D) and (E). Finally, the trial court concluded that defendant's past criminal convictions indicate that the shortest sentence would demean the seriousness of her conduct and not adequately protect the public from further crimes. It is clear from the record that the trial court considered and applied all relevant

sentencing criteria in the case *sub judice.* There is no indication that the trial court abused its discretion in sentencing Appellant for violation of her community control sanction.

{¶19} After conducting an independent review of the record and proceedings in the trial court, we find there are no non-frivolous issues for review on appeal. Based on the foregoing, the judgment of the trial court is affirmed and counsel's motion to withdraw is granted.

Donofrio, J., concurs.

Robb, P.J., concurs.