[Cite as *State v. Chambliss*, 2018-Ohio-1218.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO. 17 BE 0015 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| CHEVEZ CHAMANUEL CHAMBLISS, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the Court of
                             Common Pleas of Belmont County, Ohio
                             Case No. 14 CR 255

JUDGMENT:                    Affirmed.

APPEARANCES:

For Plaintiff-Appellee:       Atty. Daniel P. Fry
                             Belmont County Prosecutor
                             Atty. J. Kevin Flanagan
                             147-A West Main Street
                             St. Clairsville, Ohio  43950
                             No Brief filed.

For Defendant-Appellant:      Andrew R. Zellers
                             Richard G. Zellers & Associates
                             3810 Starrs Centre Drive
                             Canfield, Ohio 44406

JUDGES:

Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Cheryl L. Waite

                                          Dated: March 28, 2018

ROBB, P.J.

{¶1} Defendant-Appellant Chevez Chambliss appeals Belmont County Common Pleas Court's decision to revoke community control and impose an 18 month prison sentence for his burglary conviction. Appointed counsel filed an *Anders* brief and moved to withdraw. After an independent review of the case, the conviction is affirmed and the motion to withdraw is granted.

Statement of the Case

{¶2} In early October 2015, a complaint was filed against Appellant in Belmont County Court, Northern Division for attempted burglary in violation of R.C. 2923.02 and R.C. 2911.12(B), a fifth-degree felony. In late October 2015, the case was bound over to the Belmont County Grand Jury. 10/20/15 J.E.

{¶3} A Bill of Information charging Appellant with burglary in violation of R.C. 3911.12(B), a fourth-degree felony was filed on November 17, 2015. In December 2015 a plea hearing occurred. The parties agreed Appellant met the requirements for R.C. 2951.041 treatment in lieu of conviction. Appellant entered a guilty plea to the crime, which was accepted after a plea colloquy advising Appellant of the constitutional and nonconstitutional rights he was waiving by entering a guilty plea. 12/2/15 J.E.; 11/30/15 Tr. 4-9. The trial court then ordered treatment in lieu of conviction. 12/2/15 J.E. Status checks on Appellant's compliance occurred through early 2016; Appellant remained compliant or partially complaint with the requirements for drug court. 12/22/15 J.E.; 1/5/16 J.E.; 1/21/16 J.E.; 2/2/16 J.E.; 2/17/16 J.E.; 3/1/16 J.E.; 3/16/16 J.E.; 4/12/16 J.E.; 4/25/16 J.E. However, on May 18, 2016 the state filed a motion to terminate treatment in lieu of conviction. The state contended on February 24, 2016 Appellant sold or offered to sell a controlled substance to a confidential informant. 5/15/16 Motion. Appellant was advised of the allegation and a hearing was set.

{¶4} At the hearing on the motion to terminate treatment in lieu of conviction, Appellant chose to voluntarily terminate drug treatment. 6/7/16 J.E. The trial court set the matter for sentencing on the original burglary charge. 6/7/16 J.E.

{¶5} The trial court sentenced Appellant to 3 years of community control sanctions. He received 6 months in Belmont County Jail followed by 6 months at

Eastern Ohio Correction Center (EOCC) followed by 12 months of probation at a high level of supervision, followed by 12 months of probation at a regular supervision level. 6/30/16 J.E. The trial court indicated a term of incarceration for a violation of the sentencing order or any terms of community control was 18 months in the penitentiary, less time served in jail and/or EOCC. 6/30/16 J.E.

{¶6} Appellant served both the jail term and EOCC term. 11/23/16 J.E. On the date of his release from EOCC, November 22, 2016, a hearing was held for purposes of review. The trial court reviewed the remaining provisions of Appellant's community control sentence and once again stated a term of incarceration for a violation of the sentencing order or community control was 18 months in the penitentiary less days served in jail and EOCC. 11/23/16 J.E.

{¶7} Less than one month following his release from EOCC, the state filed a motion to revoke community control. 12/12/16 Motion. The motion alleged three violations of community control sanctions. First, Appellant submitted to a drug screen on December 7, 2016, that tested positive for amphetamines. Second, Appellant violated his curfew on December 8, 2016. Third, a theft complaint was filed against Appellant on December 8, 2016 and was being investigated. 12/12/16 Motion.

{¶8} The first stage hearing to revoke community control was held on February 6, 2017. The second stage hearing was held on February 21, 2017. The state withdrew the third violation and proceeded on the first two violations. After hearing testimony from the probation officer and considering the entire record, the trial court found Appellant violated the terms of his community control. 2/21/17 Tr. 26-27; 2/2217 J.E. The trial court sentenced Appellant to 18 months and credited him with 223 days (through and including February 21, 2017). 2/21/17 Tr. 27. He was advised of postrelease control. 2/21/17 Tr. 27.

{¶9} Appellant timely appealed. After a review of the record, appointed counsel filed an *Anders* brief and motion to withdraw.

<u>Analysis</u>

{¶10} When appellate counsel seeks to withdraw and discloses there are no nonfrivolous arguments for appeal, the filing is known as an *Anders* brief. *Anders v.*

*California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). In this district, it is also called a *Toney* brief. *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist.1970).

**{¶11}** In *Toney*, this court adopted *Anders* and set forth the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:

3. Where court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.

5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.

* * *

7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed.

*Id.* at syllabus.

**{¶12}** Appellate counsel filed an *Anders* brief on August 9, 2017. Appellant was notified of appellate counsel's *Anders* brief and was granted 30 days to file his own written brief. 12/7/17 J.E. Appellant has not filed a brief and the time for filing a brief has passed. 2/20/18 J.E.

{¶13} The sole issue that is reviewable in this appeal is the trial court's determination that Appellant violated his community control.

{¶14} The issue of whether his guilty plea was entered into knowingly, voluntarily, and intelligently cannot be reviewed at this point; the time to review that issue has expired. If Appellant wanted to appeal that issue then he should have done so within 30 days of the June 2016 sentencing entry when he was sentenced on the burglary conviction and received community control.

{¶15} Likewise, any sentencing issue is moot. When Appellant's community control was revoked and the 18 month sentence imposed, Appellant had less than one year of that 18 month sentence to serve; he was given credit for 223 days. Consequently, in February 2018 that prison term expired. The Ohio Department of Rehabilitation and Correction's web page shows he is still in the penitentiary and serving time for drug trafficking and drug possession. The admission date for those offenses was May 2017. The sentence for those offenses was 18 months for drug possession and 12 months for drug trafficking to be served consecutively to each other but concurrently with the sentence imposed in this case. 5/18/17 J.E. Case Number 16 CR 150. Consequently, any sentencing issue is moot.

Community Control Revocation

{¶16} The decision to revoke community control is reviewed for an abuse of discretion. *State v. Smithberger*, 7th Dist. No. 16 BE 0033, 2017-Ohio-8015, ¶ 9. "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶17} A community control revocation hearing is not a criminal trial, and the state does not have the burden of establishing a violation with proof beyond a reasonable doubt. *Smithberger*, 2017-Ohio-8015 at ¶ 9. The state need only present evidence of a substantial nature showing that the probationer has breached a term or condition of her probation. *State v. Hilson*, 7th Dist. No. 11–MA–95, 2012–Ohio–4536, ¶ 10. "[A] revocation hearing is an informal one, 'structured to assure that the finding of a * * * violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the (defendant's) behavior.'"

*State v. Orr*, 11th Dist. No. 2008-G-2861, 2009-Ohio-5515, ¶ 21, quoting *State v. Alexander*, 1st Dist. No. C-070021, 2007-Ohio-5457, at ¶ 7.

{¶18} The Due Process Clause of the Fourteenth Amendment to the United States Constitution requires that the offender be afforded a "probable cause" determination and an evidentiary hearing, along with (1) written notice of the claimed violation; (2) disclosure of the evidence against him; (3) an opportunity to be heard in person and to present evidence; (4) the right to confront and cross-examine adverse witnesses; (5) a neutral and detached magistrate; and (6) a statement on the record by the court concerning the evidence relied on and the reasons for the court's action. *State v. Miller*, 42 Ohio St.2d 102, 104, 326 N.E.2d 259 (1975), citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756 (1973), and *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593 (1972).

{¶19} Crim.R. 32.3 provides the procedural framework that is to occur at a community control revocation hearing:

> (A) Hearing. The court shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed. The defendant may be admitted to bail pending hearing.

> (B) Counsel. The defendant shall have the right to be represented by retained counsel and shall be so advised. Where a defendant convicted of a serious offense is unable to obtain counsel, counsel shall be assigned to represent the defendant, unless the defendant after being fully advised of his or her right to assigned counsel, knowingly, intelligently, and voluntarily waives the right to counsel. Where a defendant convicted of a petty offense is unable to obtain counsel, the court may assign counsel to represent the defendant.

Crim.R. 32.3(A)-(B).

{¶20} A review of the record indicates the trial court complied with the due process requirements and Crim.R. 32.2. The first stage hearing to revoke community

control was held on February 6, 2017. 2/9/17 J.E. Appellant was present with appointed counsel at this hearing. 2/9/17 J.E. He received a copy of the motion to revoke and thus, was apprised of grounds for the motion. 2/9/17 J.E. The second stage hearing was scheduled at that hearing. 2/9/17 J.E.

{¶21} The second stage hearing was held on February 21, 2017. Appellant was present and represented by appointed counsel. 2/21/17 Tr. The state withdrew the third violation and proceeded on the first two violations.

{¶22} Appellant's probation officer, Ed Gorence, testified at the second stage hearing and was subject to cross examination. 2/21/17 Tr. He testified about each alleged violation.

{¶23} As to the drug violation, Gorence explained Appellant's drug screen sample was taken on December 7, 2016 and it tested positive for amphetamines. 2/21/17 Tr. 7. He testified a term of Appellant's community control was to refrain from any type of drug use not prescribed by a physician. 2/21/17 Tr. 8. Gorence stated Appellant did not tell Gorence he was prescribed an amphetamine by a doctor and did not produce a prescription indicating he had been prescribed an amphetamine. 2/21/17 Tr. 9. Gorence's testimony further indicated the test results were from an accredited laboratory accepted by the court. 2/21/17 Tr. 9-10. The drug screen result, labeled as State's Exhibit 1, was admitted into evidence. 2/21/17 Tr. 7, 25-26.

{¶24} During cross-examination, Gorence indicated the laboratory for the drug testing is located in California and the test was shipped Federal Express from Ohio to California. 2/21/17 Tr. 16. The results were faxed from the laboratory to his office. 2/21/17 Tr. 17. He explained when there is a positive result the probation department does not request a retest. 2/21/17 Tr. 18. If the probationer wants a retest, then it is done at their expense. 2/21/17 Tr. 18. Gorence indicated he is aware of false positives. 2/21/17 Tr. 18.

{¶25} As to the curfew violation, Gorence explained a term of Appellant's community control was Appellant had to be at his approved residence from 8 p.m. to 6 a.m. 2/21/17 Tr. 10-11. On December 8, 2017, Gorence received a telephone call from St. Clairsville Police Department that someone had filed a complaint against Appellant alleging he had committed a theft offense in St. Clairsville. 2/21/17 Tr. 10.

The probation officer called the Bridgeport Police Department and asked them to go to Appellant's approved residence to see if Appellant was there. 2/21/17 Tr. 10-11. The address Appellant provided to Gorence was Appellant's mother's address in the village of Bridgeport. 2/21/17 Tr. 13. After checking, Bridgeport Police informed Gorence that Appellant was not at the address provided. 2/21/17 Tr. 11. A couple days after the incident, Gorence had a lengthy discussion with Appellant's mother and she indicated Appellant did not live at her residence and he was not welcome there. 2/21/17 Tr. 13.

**{¶26}** On cross-examination Gorence testified he did not personally go to the address Appellant provided to him. 2/21/17 Tr. 20-22. Rather, he sent the officers. 2/21/17 Tr. 22.

**{¶27}** Appellant was given the opportunity to call witnesses to testify on his behalf. 2/21/17 Tr. 25. However, he chose not to do so. 2/21/17 Tr. 25.

**{¶28}** Given the evidence, the trial court did not abuse its discretion in finding probations violations for drug use and curfew violation.

## Conclusion

The trial court did not commit any error in holding the community control revocation hearing and did not commit any error in finding Appellant violated his community control. The determination that there was a community control violation is affirmed. The 18 month sentence has been served and therefore any sentencing issues are moot. Counsel's motion to withdraw is granted.

Donofrio, J., concurs.

Waite, J., concurs.