[Cite as *State v. Michaels*, 2019-Ohio-497.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

KEVIN MICHAELS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 MA 0122**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2016 CR 1146

**BEFORE:**
Kathleen Bartlett, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
AFFIRMED

---

*Atty. Edward Czopur*, 42 North Phelps Street, Youngstown, Ohio 44503, for Appellant
and

*Atty. Ralph Rivera*, 21 West Boardman Street, 6th Floor Youngstown, Ohio 44503, for
Appellee.

Dated: February 4, 2019

**BARTLETT, J.**

**{¶1}** Appellant Kevin Michaels appeals the judgment entry of sentence of the Mahoning County Court of Common Pleas, in which the trial court imposed concurrent sentences for one count of robbery, a violation of R.C. 2911.02(A)(3), a felony of the second degree; one count of breaking and entering, in violation of R.C. 2911.13(A)(C), a felony of the fifth degree; one count of possession of criminal tools, in violation of 2923.24(A)(C), a felony of the fifth degree; and one count of robbery, a felony of the third degree. Because the trial court did not state that it considered the contents of the presentence investigation report ("PSI") prior to imposing sentence, Appellant contends that his seven-year sentence is contrary to law. As there is no evidence in the record to show that the trial court did not consider the contents of the PSI prior to the imposition of sentence, the judgment entry of sentence is affirmed.

**{¶2}** Review of felony sentences is governed by R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. Pursuant to R.C. 2953.08(G)(2), an "appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶ 1, 23.

**{¶3}** R.C. 2929.19(B)(1) reads, in pertinent part, "[a]t the sentencing hearing, the court, before imposing sentence, shall consider * * * if one was prepared, the [PSI] made pursuant to section 2951.03 of the Revised Code or Criminal Rule 32.2 * * *." Although the trial court's consideration of the PSI is memorialized in the judgment entry of sentence, the trial court did not refer to its contents at the sentencing hearing.

**{¶4}** Appellant asserts a single assignment of error:

The trial court did not comply with R.C. 2929.19(B)(1) in that it failed to state orally that it considered the presentence investigation report prior to imposing sentence making the sentence contrary to law.

**{¶5}** Appellant argues that R.C. 2929.19(B)(1) should be read to impose the

same legal requirement as R.C. 2929.11 and 2929.12, as the General Assembly employs the obligatory term "shall" in all three of the statutes. R.C. 2929.11 reads, in pertinent part, "the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.12, which sets forth aggravating and mitigating factors to be considered by the trial court prefaces the respective factors with the phrase "[t]he sentencing court shall consider * * * ."

{¶6} In this District, a silent record raises a rebuttable presumption that the sentencing court considered the statutory factors in R.C. 2929.11 and R.C. 2929.12. *State v. Henry*, 7th Dist. No. 14 BE 40, 2015-Ohio-4145, ¶ 23, citing *State v. Grillon*, 7th Dist. No. 10CO30, 2012-Ohio-893, ¶ 131; *State v. James*, 7th Dist. No. 07CO47, 2009-Ohio-4392, ¶ 38-51. In other words, we presume that the trial court considered the relevant factors in the absence of an affirmative showing that it failed to do so. *State v. Taylor*, 7th Dist. No. 15 MA 0078, 2016-Ohio-1065, ¶ 15, citing State v. Hardy, 7th Dist. No. 14 MA 30, 2015-Ohio-2206, ¶ 13 and *State v. Pyles*, 7th Dist. No. 13 BE 11, 2014-Ohio-4146, ¶ 6 (trial court is not required to discuss the R.C. 2929.12 factors on the record or to state that the factors were considered, so long as the record allows the reviewing court to determine that the proper consideration occurred.).

{¶7} Other intermediate appellate courts in Ohio have reached the same conclusion. *State v. Bohannon*, 1st Dist. No. C-130014, 2013-Ohio-5101, ¶ 7; *State v. Rutherford*, 2d Dist. No. 08CA11, 2009-Ohio-2071, ¶ 34; *State v. Jackson*, 3d Dist. No. 1-06-26, 2006-Ohio-5146, ¶ 5; *State v. Picklesimer*, 4th Dist. No. 11CA9, 2012-Ohio-1282, ¶ 30; *State v. Hannah*, 5th Dist. No. 15-CA-1, 2015-Ohio-4438, ¶ 13; *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, 960 N.E.2d 1042, ¶ 11 (6th Dist.); *State v. Sutton*, 8th Dist. No. 102300, 2015-Ohio-4074, ¶ 72; *State v. Cobb*, 9th Dist. No. 13CA0087-M, 2014-Ohio-3530, ¶ 12; *State v. Reed*, 10th Dist. No. 08AP-20, 2008-Ohio-6082, ¶ 64; *State v. Dickerson*, 11th Dist. No.2013-A-0046, 2015-Ohio-938, ¶ 66.

{¶8} We find that the same rebuttable presumption should apply with respect to R.C. 2929.19(B)(1). There is no affirmative showing in the record that the trial court did not consider the contents of the PSI. Although the trial court did not state that it

reviewed the PSI at the sentencing hearing, the trial court memorialized its consideration of the PSI in the judgment entry. Further, defense counsel cited to the contents of the PSI directly prior to the imposition of sentence:

> Your Honor, I have had an opportunity to review the [PSI] with my client. And at the time of the change of plea, as the court is aware, there was no agreement or consensus on what we thought would be an appropriate sentence. It was my position that I would ask for a [PSI]. The reason in doing so is that I thought that it would, and I believe that it does, indicate that [Appellant], although he certainly did a fine job in this matter, has a very minimal criminal record * * *.

(8/11/17 Sent. Hrg., p. 4).

{¶9}     Based on the record in this case, we find that the trial court's failure to mention its consideration of the PSI at the sentencing hearing does not constitute a violation of R.C. 2929.19(B)(1). Without evidence to the contrary, we presume that the trail court considered the PSI prior to the imposition of sentence. Accordingly, the judgment entry of sentence is affirmed.

**Donofrio, J., concurs.**

**Robb, J., concurs.**

Case No. 17 MA 0122

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs are waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**