[Cite as *State v. Howell*, 2020-Ohio-3608.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ANTHONY HOWELL,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 MA 0026**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2018 CR 441

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Carol Ann Robb, Judges.

**JUDGMENT:**
Affirmed.

*Atty. Paul J. Gains*, Mahoning County Prosecutor*,* and *Atty. Ralph M. Rivera*, Assistant Prosecuting Attorney, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

*Atty. Rachel Cerni,* Cerni Law, LLC, 3685 Stutz Drive, Suite 100, Canfield, Ohio 44406, for Defendant-Appellant.

Dated:  June 30, 2020

**D'Apolito, J.**

{¶1}    Appellant, Anthony Howell, appeals from the October 30, 2018 judgment of the Mahoning County Court of Common Pleas sentencing him to 24 months in prison following Appellant's stipulation that he violated the terms and/or conditions of his community control sanctions stemming from a guilty plea involving one count of burglary. On appeal, Appellant takes issue with his sentence.  Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2}    On May 17, 2018, Appellant was indicted by the Mahoning County Grand Jury on three counts: count one, burglary, a felony of the second degree, in violation of R.C. 2911.12(A)(1); count two, theft, a felony of the fifth degree, in violation of R.C. 2913.02(A)(1); and count three, grand theft, a felony of the fourth degree, in violation of R.C. 2913.02(A)(1) and (B).  Appellant was appointed counsel, pleaded not guilty at his arraignment, and waived his right to a speedy trial.

{¶3}    Appellant subsequently entered into plea negotiations with Appellee, the State of Ohio.  On July 11, 2018, Appellant entered an oral and written plea of guilty to an amended count one, burglary, a felony of the third degree, in violation of R.C. 2911.12(A)(3), which indicated that the maximum prison term is five years.  That same date, the trial court accepted Appellant's guilty plea and dismissed the remaining two counts. The court sentenced Appellant to an agreed upon three-year period of community control which ordered him to complete Youngstown Teen Challenge, attend two AA meetings per week, obtain employment, and abide by all laws.

{¶4}    On July 18, 2018, Appellant filed a motion to reconsider his sentence.  The trial court denied his motion the next day.

{¶5}    A status hearing was held on August 2, 2018.  Appellant remained on the three-year period of community control but the trial court modified his sanctions.  Among the modifications, the court removed the Teen Challenge requirement and ordered Appellant to maintain his residence at the Dorothy Burdman Home.

Case No. 19 MA 0026

**{¶6}** On or about September 17, 2018, Appellant used cocaine and marijuana and was unsuccessfully terminated from the Burdman Home. Two days later, Appellant stipulated to probable cause that he violated the terms and/or conditions of his community control sanctions.

**{¶7}** A probation violation hearing was held on October 25, 2018. Appellant again stipulated to violating the terms and/or conditions of his community control sanctions. After hearing from the State, defense counsel, and Appellant, the court found Appellant not amenable to community control and proceeded to sentencing.

**{¶8}** On October 30, 2018, the trial court revoked Appellant's community control and sentenced him to 24 months in prison, with 150 days of jail-time credit. The court notified Appellant that post-release control is mandatory for three years. The court also gave Appellant notice under R.C. 2929.19(B)(3) and of his appellate rights under R.C. 2953.08.

**{¶9}** Appellant filed a delayed appeal and raises three assignments of error.

## ASSIGNMENT OF ERROR NO. 1

**THE TRIAL COURT ERRED IN FAILING TO ARTICULATE ANY REASON TO DEVIATE FROM ITS INITIAL FINDINGS THAT THE PUNISHMENT FOR THIS CRIME DID NOT WARRANT INCARCERATION.**

## ASSIGNMENT OF ERROR NO. 2

**THE TRIAL COURT ERRED IN NOT FOLLOWING FELONY SENTENCING GUIDELINES AND THE VIOLATION OF PROBATION FOR AN UNRELATED CHARGE DID NOT WARRANT SENTENCING BEYOND THE MINIMUM AVAILABLE SANCTION.**

## ASSIGNMENT OF ERROR NO. 3

**THE TRIAL COURT ERRED IN NOT HEARING/GRANTING HOWELL'S MOTION TO RECONSIDER SENTENCE TERMINATING THE TEEN CHALLENGE PROVISION, AND AMENDING THE SENTENCE TO AN**

**INDEFINITE STAY AT THE DOROTHY BURDMAN HOUSE WITHOUT DUE PROCESS.**

{¶10} Appellant's three assignments of error focus on the trial court's decision to revoke his community control and impose a 24-month prison sentence. Appellant stresses that his sentence is contrary to law because the trial court did not make the requisite R.C. 2929.11 and 2929.12 findings at the October 25, 2018 hearing and/or in its October 30, 2018 judgment entry.[1] He further stresses that the trial court erred in denying his motion to reconsider his sentence. Because Appellant's assignments are interrelated, we will address them together.

> The decision to revoke community control is reviewed for an abuse of discretion. *State v. Smithberger*, 7th Dist. No. 16 BE 0033, 2017-Ohio-8015, ¶ 9. "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

*State v. Chambliss*, 7th Dist. Belmont No. 17 BE 0015, 2018-Ohio-1218, ¶ 16.

{¶11} Based on the facts presented, the trial court did not abuse its discretion in revoking Appellant's community control. The record reveals that Appellant used cocaine and marijuana and was unsuccessfully terminated from the Burdman Home. Appellant even stipulated to probable cause that he violated the terms and/or conditions of his community control sanctions. Following a hearing, the court found Appellant not amenable to community control and proceeded to sentencing.

---

[1] In support of his position to reverse and remand, Appellant states that this case is similar to *State v. Weaver*, 141 Ohio App.3d 512, 751 N.E.2d 1096 (Mar. 19, 2001) (7th Dist.). It is not. The appellant in *Weaver* received no notice that his probation was being revoked and was sentenced to the maximum. Appellant in the case at bar, on the other hand, did receive notice and a hearing, stipulated to violating the terms and/or conditions of his community control sanctions, and was not sentenced to the maximum. In addition, this court notes that *Weaver* was decided nearly 20 years ago and has since received negative treatment. *See Weaver*; Overruling Risk *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856; Abrogated by *Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711 (2009); Overruling Risk *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151 (2013); Superseded by Statute as Stated in *State v. Fisher*, 4th Dist. Washington No. 13CA25, 2014-Ohio-4257.

**{¶12}** Turning to Appellant's 24-month prison sentence, this court utilizes R.C. 2953.08(G) as the standard of review in all felony sentencing appeals. *State v. Michaels*, 7th Dist. Mahoning No. 17 MA 0122, 2019-Ohio-497, ¶ 2, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

**{¶13}** R.C. 2953.08(G) states in pertinent part:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

**{¶14}** Although trial courts have full discretion to impose any term of imprisonment within the statutory range, they must consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12.

**{¶15}** R.C. 2929.11(A) provides that the overriding purposes of felony sentencing are (1) "to protect the public from future crime by the offender and others"; and (2) "to punish the offender * * * using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim,

and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

**{¶16}** R.C. 2929.12 provides a nonexhaustive list of sentencing factors the trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses. The court that imposes a felony sentence "has discretion to determine the most effective way to comply with the purposes and principles of sentencing." R.C. 2929.12(A). The factors a trial court may consider include the "more serious" factors, such as "[t]he physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim" and "[t]he victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense." R.C. 2929.12(B)(1) and (2). The court may also consider the "less serious" factors, any recidivism factors, and any mitigating factors listed in R.C. 2929.12(C)-(F).

> R.C. 2929.11 does not require the trial court to make any specific findings as to the purposes and principles of sentencing. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31. Similarly, R.C. 2929.12 does not require the trial court to "use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

*State v. Shaw*, 7th Dist. Belmont No. 15 BE 0065, 2017-Ohio-1259, ¶ 36.

> In this District, a silent record raises a rebuttable presumption that the sentencing court considered the statutory factors in R.C. 2929.11 and R.C. 2929.12. *State v. Henry*, 7th Dist. No. 14 BE 40, 2015-Ohio-4145, 2015 WL 5813874, ¶ 23, citing *State v. Grillon,* 7th Dist. No. 10CO30, 2012-Ohio-893, 2012 WL 714681, ¶ 131; *State v. James*, 7th Dist. No. 07CO47, 2009-Ohio-4392, 2009 WL 2625838, ¶ 38-51. In other words, we presume that the trial court considered the relevant factors in the absence of an affirmative showing that it failed to do so. *State v. Taylor*, 7th Dist. No. 15 MA 0078, 2016-Ohio-1065, 2016 WL 1051580, ¶ 15, citing *State v. Hardy,*

7th Dist. No. 14 MA 30, 2015-Ohio-2206, 2015 WL 3542691, ¶ 13 and *State v. Pyles*, 7th Dist. No. 13 BE 11, 2014-Ohio-4146, 2014 WL 4672438, ¶ 6 * * *.

Other intermediate appellate courts in Ohio have reached the same conclusion. *State v. Bohannon*, 1st Dist. No. C-130014, 2013-Ohio-5101, 2013 WL 6118349, ¶ 7; *State v. Rutherford*, 2d Dist. No. 08CA11, 2009-Ohio-2071, 2009 WL 1175050, ¶ 34; *State v. Jackson*, 3d Dist. No. 1-06-26, 2006-Ohio-5146, 2006 WL 2795556, ¶ 5; *State v. Picklesimer*, 4th Dist. No. 11CA9, 2012-Ohio-1282, 2012 WL 1029466, ¶ 30; *State v. Hannah*, 5th Dist. No. 15-CA-1, 2015-Ohio-4438, 2015 WL 6447492, ¶ 13; *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, 960 N.E.2d 1042, ¶ 11 (6th Dist.); *State v. Sutton*, 8th Dist. No. 102300, 2015-Ohio-4074, 2015 WL 5737104, ¶ 72; *State v. Cobb*, 9th Dist. No. 13CA0087-M, 2014-Ohio-3530, 2014 WL 4057447, ¶ 12; *State v. Reed*, 10th Dist. No. 08AP-20, 2008-Ohio-6082, 2008 WL 4966485, ¶ 64; *State v. Dickerson*, 11th Dist. No. 2013-A-0046, 2015-Ohio-938, 2015 WL 1138269, ¶ 66.

*State v. Michaels*, 7th Dist. Mahoning No. 17 MA 0122, 2019-Ohio-497, ¶ 6-7.

**{¶17}** Thus, contrary to Appellant's assertion, the trial court was not required to make specific findings pursuant to R.C. 2929.11 and 2929.12. *Shaw, supra,* at ¶ 36. A silent record raises a rebuttable presumption that the sentencing court considered the statutory factors in R.C. 2929.11 and 2929.12. *Michaels, supra,* at ¶ 6. Therefore, we presume that the trial court considered the relevant factors as there is no affirmative showing that it failed to do so. *Id.*

**{¶18}** The trial court did not err in imposing a 24-month prison term after Appellant stipulated to violating the terms and/or conditions of his community control sanctions. As stated, Appellant's written plea of guilty to an amended count one, burglary, a felony of the third degree, in violation of R.C. 2911.12(A)(3), indicated that the maximum prison term is five years. Thus, Appellant's 24-month sentence is within the statutory range. *See* R.C. 2929.14(A)(3). Also, the record reveals the trial court properly advised Appellant regarding post-release control.

Case No. 19 MA 0026

**{¶19}** Accordingly, there is no evidence that the trial court did not comply with all applicable rules and statutes. As a result, we do not find by clear and convincing evidence that the record does not support Appellant's sentence or that the sentence is contrary to law.

**{¶20}** Furthermore, the trial court properly denied Appellant's motion to reconsider his sentence because the trial court lacks jurisdiction to reconsider its own valid final judgment. *See State v. Pierce*, 7th Dist. Mahoning No. 16 MA 0194, 2017-Ohio-7769, ¶ 22 ("A judgment entry of sentence is a final order. *See State ex rel. Rose v. McGinty*, 128 Ohio St.3d 371, 2011-Ohio-761, 944 N.E.2d 672, ¶ 2. A motion to reconsider a final order is a nullity. *Pitts v. Ohio Dept. of Trans*p., 67 Ohio St.2d 378, 381, 423 N.E.2d 1105 (1981).")

**{¶21}** Appellant's assignments of error are without merit.

## CONCLUSION

**{¶22}** For the foregoing reasons, Appellant's assignments of error are not well-taken. The judgment of the Mahoning County Court of Common Pleas is affirmed.

Waite, P.J., concurs.

Robb, J., concurs.

Case No. 19 MA 0026

[Cite as *State v. Howell*, 2020-Ohio-3608.]

———————————————

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**