[Cite as *State v. Mayfield*, 2024-Ohio-5844.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

CICELIA STORMY MAYFIELD,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 MA 0071**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2023 CR 00730

**BEFORE:**
Katelyn Dickey, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Gina DeGenova*, Mahoning County Prosecutor*, and *Atty. Edward A. Czopur*, Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. Martin E. Yavorcik*, for Defendant-Appellant.

Dated: December 11, 2024

**DICKEY, J.**

{¶1} Appellant, Cicelia Stormy Mayfield, appeals from the June 28, 2024 judgment of the Mahoning County Court of Common Pleas sentencing her to a total indefinite term of five years (minimum) to seven and one-half years (maximum) in prison for felonious assault following a guilty plea. On appeal, Appellant asserts the trial court erred in failing to impose a minimum sentence. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2} On December 7, 2023, Appellant was indicted by the Mahoning County Grand Jury on six counts: count one, attempted murder, a felony of the first degree in violation of R.C. 2923.02, 2903.02(A) and (D), and 2929.02(B) and (D)(1); counts two and five, felonious assault, felonies of the second degree in violation of R.C. 2903.11(A) and (D)(1)(a); count three, vehicular assault, a felony of the fourth degree in violation of R.C. 2903.08(A)(2)(b) and (C)(2); count four, inducing panic, a felony of the fourth degree in violation of R.C. 2917.31(A)(3) and (C)(3); and count six, criminal damaging, a misdemeanor of the first degree in violation of R.C. 2909.06(A)(1) and (B). Appellant retained counsel, pled not guilty at her arraignment, and waived her right to a speedy trial.

{¶3} Appellant subsequently entered into plea negotiations with Appellee, the State of Ohio. A change of plea hearing was held on April 23, 2024. Appellant withdrew her former not guilty plea and entered a guilty plea to counts two and five, felonious assault, felonies of the second degree in violation of R.C. 2903.11(A). The parties agreed that the sentences on the two counts would run concurrently and that the State would argue for a prison term of eight years while the defense would argue for less. The trial court accepted Appellant's guilty plea after finding it was made in a knowing, intelligent, and voluntary manner pursuant to Crim.R. 11. The court dismissed the remaining counts contained in the indictment. The court ordered a PSI and deferred sentencing.

{¶4} A sentencing hearing was held on June 18, 2024. As promised, the State requested an eight year prison term. The State further revealed that the basis for the charges was that Appellant attempted to run over one of the victims after an argument which prompted gunfire at Appellant's vehicle from someone else at the house. Appellant stopped her car and proceeded to assault a second victim who was standing nearby. The

trial court reviewed the PSI, the victim impact statement, Appellant's sentencing brief, Appellant's criminal history, and a video submitted by the defense.  The court considered the record, the oral statements, the purposes and principles of sentencing under R.C. 2929.11, and the seriousness and recidivism factors under R.C. 2929.12.

{¶5}　On June 28, 2024, the trial court sentenced Appellant to five years (minimum) to seven and one-half years (maximum) in prison on count two, and five years (minimum) to seven and one-half years (maximum) in prison on count five, to be served concurrently.  The court notified Appellant that this sentence includes a mandatory period of post-release control of up to three years but not less than 18 months.

{¶6}　Appellant filed a timely appeal and raises one assignment of error.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED IN FAILING TO IMPOSE A MINIMUM SENTENCE.**

{¶7}　Am. Sub. S.B. No. 201, 2018 Ohio Laws 157, known as the "Reagan Tokes Law," significantly altered the sentencing structure for many of Ohio's most serious felonies by implementing an indefinite sentencing system for those non-life felonies of the first and second degree, committed on or after March 22, 2019.

{¶8}　This court utilizes R.C. 2953.08(G) as the standard of review in all felony sentencing appeals.  *State v. Michaels*, 2019-Ohio-497, ¶ 2 (7th Dist.), citing *State v. Marcum*, 2016-Ohio-1002, ¶ 1.

{¶9}　R.C. 2953.08(G) states in pertinent part:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.  The appellate court's standard for review is not whether the sentencing court

abused its discretion.  The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2)(a)-(b).

{¶10}  Although trial courts have full discretion to impose any term of imprisonment within the statutory range, they must consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12.

{¶11}  R.C. 2929.11(A) provides that the overriding purposes of felony sentencing are (1) "to protect the public from future crime by the offender and others"; and (2) "to punish the offender . . . using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources."  Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."  R.C. 2929.11(B).

{¶12}  R.C. 2929.12 provides a nonexhaustive list of sentencing factors the trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.  The court that imposes a felony sentence "has discretion to determine the most effective way to comply with the purposes and principles of sentencing."  R.C. 2929.12(A).  The factors a trial court may consider include the "more serious" factors, such as "[t]he physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim" and "[t]he victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense."  R.C. 2929.12(B)(1) and (2).  The court may also consider the "less serious" factors, any recidivism factors, and any mitigating factors listed in R.C. 2929.12(C)-(F).

R.C. 2929.11 does not require the trial court to make any specific findings as to the purposes and principles of sentencing. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31. Similarly, R.C. 2929.12 does not require the trial court to "use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

*State v. Shaw*, 2017-Ohio-1259, ¶ 36 (7th Dist.).

{¶13} "'The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences.' *State v. King,* 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.)." *State v. Burkhart*, 2019-Ohio-2711, ¶ 16 (7th Dist.).

{¶14} In *State v. Jones*, 2020-Ohio-6729, the Supreme Court of Ohio has indicated that the language in *Marcum* is dicta. *Id.* at ¶ 27 ("The statements in *Marcum* at ¶ 23 suggesting that it would be 'fully consistent' with R.C. 2953.08(G) for an appellate court to modify or vacate a sentence when the record does not support the sentence under R.C. 2929.11 or 2929.12 were made only in passing and were not essential to this court's legal holding.") In *Jones,* the Court held that "R.C. 2953.08(G)(2)(b) . . . does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶ 39. The Court explained that "an appellate court's determination that the record does not support a sentence does not equate to a determination that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)." *Id.* at ¶ 32. Thus, under *Jones*, an appellate court errs if it relies on the dicta in *Marcum* and modifies or vacates a sentence "based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and 2929.12." *Id.* at ¶ 29; *see also State v. Dorsey*, 2021-Ohio-76, ¶ 17 (2d Dist.).

{¶15} Pursuant to *Jones*, when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, appellate courts shall no longer analyze whether those sentences are unsupported by the record. Rather,

we simply must determine whether those sentences are contrary to law.  *See Dorsey* at ¶ 18.

> A sentence is considered to be contrary to law if it falls outside of the statutory range for the particular degree of offense; if the trial court failed to properly consider the purposes and principles of felony sentencing as enumerated in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12; or if the trial court orders consecutive sentences and does not make the necessary consecutive sentence finding.

*Burkhart*, 2019-Ohio-2711, at ¶ 12 (7th Dist.).

**{¶16}** In this case, Appellant alleges the trial court erred in failing to impose a minimum sentence.  In support, Appellant stresses the following was revealed at sentencing: "Appellant should have been sentenced to the minimum sentence considering her lack of prior criminal behavior"; "Appellant was in fear for her life as there were a number of bullet holes in her vehicle although she acknowledged that her behavior of turning the car around and coming back at the victims negated an actual self-defense claim"; "She was remorseful for her actions and accepted responsibility"; "She voluntarily attended and completed anger management program while awaiting resolution of the case"; and "the victims were not badly injured although the Court pointed out that they could have been."  (9/4/2024 Appellant's Brief, p. 7).  The record before us, however, reveals no reversible sentencing error.

**{¶17}** At the sentencing hearing, the judge heard from the prosecutor on behalf of the State (who recommended an eight-year prison sentence), from defense counsel on behalf of Appellant (who recommended community control), and from Appellant (who offered an apology for her actions).  The judge concluded by stating, in part, the following:

> THE COURT: Thank you. So the record should reflect that I did have an opportunity to review the presentence investigation; again, the written victim impact statement; the defendant's sentencing brief. In reviewing, first of all, the defendant's criminal history, that history certainly does not suggest anything as it relates to a risk of recidivism. There's some misdemeanor thefts, a disorderly, criminal mischief, possession of criminal

tools - - some of those down in Georgia, some locally - - and now, of course, this case. We knew coming in here that the State of Ohio is going to be asking for a period of imprisonment, specifically a minimum term of eight years with a maximum term of twelve years.

[Defense counsel] has had an opportunity to read the victim impact statement, where the victim is asking for a term of imprisonment of five years or more. The quote was, a substantial sentence. I know at the time of the plea colloquy, we had to change the form because, in fact, Ms. Mayfield, you are eligible for community control, even given the level of the offense.

In reviewing everything before me and then watching that video, I didn't even need to see it to tell you that it might as well have been a firearm because a motor vehicle is a deadly weapon, and I know that whatever happened out there - - and I don't know what led to it. And you're right, your decision, your poor choice in turning the car around led to the inability to raise a self-defense claim.

There's no question in my mind, based upon everything before me and considering the factors contained in Section 2929 of the Revised Code, you're lucky the injury wasn't more serious. It could have been so much worse. But it's very clear that a non-prison sanction would demean the seriousness of your conduct, would demean the seriousness of the offense, that it would not adequately protect the public or punish you.

So it is going to be the sentence of this Court that you be taken from here to the Mahoning County Justice Center; from there, delivered to the custody of the Department of Rehabilitation and Corrections; and there to serve an indefinite minimum term of five years on Count Two and a maximum term of seven and a half years. I am also going to impose an indefinite minimum term of five years on Count Five and a maximum term of seven and a half years on Count Five. Those sentences shall be served concurrently with each other.

. . .

Upon your release from prison, there's a mandatory period of additional supervision known as post-release control. That could be up to three years, but not less than eighteen months. A violation of post-release control could result in the Adult Parole Authority imposing additional sanctions that could include additional time in prison, ultimately up to one-half of the original stated term, and if the violation was a new felony, any time on the felony must be served consecutively to any time on post-release control. I am going to include a no-contact order as part of this sentence, suspend the fine and costs.

. . .

I will afford you jail-time credit and advise you, Ms. Mayfield, that you do have a right to an appeal of this sentence, and if you cannot afford a lawyer, one would be appointed for you to . . . represent you in that appeal.

(6/18/2024 Sentencing Hearing Tr., p. 17-23).

**{¶18}** Also, in its sentencing entry, the trial court stated:

On June 18, 2024, Defendant's sentencing hearing was held pursuant to Ohio Revised Code Section 2929.19. . . . Defendant . . . was afforded all rights pursuant to Criminal Rule 32. The Court considered the record, oral statements, as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12.

The Court finds that the Defendant pled guilty to and has been convicted in Counts Two and Five with Felonious Assault, a violation of Ohio Revised Code Section 2903.11(A), both felonies of the second degree. Counts One, Three, Four and Six were dismissed.

Case No. 24 MA 0071

. . .

IT IS THEREFORE, ORDERED AND DECREED and it is the Judgment of this Court, pursuant to S.B. 201, that the Defendant be sentenced to serve an indefinite term of imprisonment of FIVE (5) YEARS minimum to SEVEN AND ONE-HALF (7 ½) YEARS maximum in the Ohio Department of Rehabilitations and Corrections in Count Two; and FIVE (5) YEARS minimum to SEVEN AND ONE-HALF (7 ½) YEARS in Count Five. The sentence imposed in Count Five shall be served CONCURRENTLY with the sentence imposed in Count Two.

The Defendant shall have no contact with the victim.

Upon completion of the prison term, unless reduced by the parole board, the Defendant was advised pursuant to O.R.C. 2929.19 and O.R.C. 2967.28 that this sentence includes a mandatory period of Post-Release Control of up to three (3) years but not less than eighteen (18) months to be supervised by the Adult Parole Authority subject to all laws, rules, regulations and other conditions imposed by the Adult Parole Authority. . . .

. . .

Defendant has been given notice under R.C. 2929.19(B)(3) and of appellate rights under R.C. 2953.08.

(6/28/2024 Sentencing Entry, p. 1-2, 4).

{¶19} The record in this case reflects no reversible sentencing error. The trial court gave due deliberation to the relevant statutory considerations and properly advised Appellant regarding post-release control. The court considered the purposes and principles of felony sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12.

{¶20} In addition, the trial court imposed an indefinite five year (minimum) to seven and one-half years (maximum) sentence on two counts of felonious assault and ran both counts concurrently following a guilty plea. Appellant's sentence is within the statutory

range for the second degree felony offenses. R.C. 2929.14(A)(2)(a) ("For a felony of the second degree committed on or after March 22, 2019, the prison term shall be an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or eight years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code"); R.C. 2929.144(B)(3) ("If the offender is being sentenced for more than one felony, if one or more of the felonies is a qualifying felony of the first or second degree, and if the court orders that all of the prison terms imposed are to run concurrently, the maximum term shall be equal to the longest of the minimum terms imposed on the offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code for a qualifying felony of the first or second degree for which the sentence is being imposed plus fifty per cent of the longest minimum term for the most serious qualifying felony being sentenced.") Also, the record reveals the court properly advised Appellant regarding post-release control.

**{¶21}** Accordingly, because the trial court considered the purposes and principles of felony sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12, and because Appellant's indefinite prison sentence of five years (minimum) to seven and one-half years (maximum) is within the authorized statutory range for second-degree felonies, her sentence is not contrary to law. *See* R.C. 2953.08(G).

## CONCLUSION

**{¶22}** For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The June 28, 2024 judgment of the Mahoning County Court of Common Pleas sentencing Appellant to a total indefinite term of five years (minimum) to seven and one-half years (maximum) in prison for felonious assault following a guilty plea is affirmed.

Robb, P.J., concurs.

Hanni, J., concurs.

Case No. 24 MA 0071

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**