[Cite as *State v. Shurtleff*, 2025-Ohio-574.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JOSEPH PHILLIP SHURTLEFF, JR.,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 24 MA 0082

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case Nos. 2023 CR 00572 A, 2023 CR 00589, 2024 CR 00128

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Lynn Maro*, Mahoning County Prosecutor*, Atty. Ralph M. Rivera and Atty. Kristie M. Weibling*, Assistant Prosecuting Attorneys, for Plaintiff-Appellee and

*Atty. Nathan D. Boone*, Boone Law, LLC, for Defendant-Appellant.

Dated: February 20, 2025

**DICKEY, J.**

{¶1}    Appellant, Joseph Phillip Shurtleff, Jr., appeals his sentence for four counts of receiving stolen property in violation of R.C. 2913.51(A)(C), felonies of the fifth degree; one count of theft in violation of R.C. 2913.02(A)(1)(B)(2), a felony of the fifth degree; two counts of misuse of credit cards in violation of R.C. 2913.21(B)(2)(D)(3), felonies of the fifth degree; and one count of misuse of credit cards in violation of R.C. 2913.21(B)(2)(D)(3), a misdemeanor of the first degree, imposed by the Mahoning County Court of Common Pleas following his entry of guilty pleas in three separate criminal cases (23 CR572A, 23CR589, 24 CR 128).  Appellant contends his sentence is contrary to law and the trial court abused its discretion when it imposed an aggregate sentence of two years, which is comprised of two maximum, consecutive one-year sentences. Appellant argues his convictions carry a presumption against incarceration, and he expressed his desire to make restitution and participate in inpatient drug treatment.  Because Appellant's sentence is not contrary to law, Appellant's sentence is affirmed.

## FACTS AND PROCEDURAL HISTORY

{¶2}    Appellant entered his guilty pleas and was sentenced on August 29, 2024. Appellant pleaded guilty to two counts of receiving stolen property and two counts of misuse of credit cards in 23 CR 572A, in exchange for the state's recommendation of a sentence of two years.  In 23 CR 589, Appellant pleaded guilty to one count of receiving stolen property and one count of misuse of credit cards, in exchange for the state's recommendation of a sentence of six months for each conviction. Appellant pleaded guilty to one count of receiving stolen property and one count of theft in 24 CR 128, in exchange for the state's recommendation of a sentence of six months for each conviction.  The state recommended the foregoing sentences be served concurrently with one another and with a previously-imposed sentence in Trumbull County Case No. 23 CR 406 (aggregate sentence of seventeen months imposed on July 22, 2024 for one count of receiving stolen property and one count of misuse of credit cards) ("Trumbull County sentence"), for an aggregate sentence of two years.  In exchange for Appellant's pleas of guilt, the state dismissed one count of theft in violation of R.C. 2913.02(A)(3), (B)(2), a misdemeanor of

the first degree, and one count of misuse of credit cards, a misdemeanor of the first degree, both charged in 24 CR 128.

{¶3} At the conclusion of the plea colloquy, the trial court asked Appellant if a pre-sentence report need be prepared on his behalf, or if he would prefer to proceed directly to sentencing. Appellant responded, "I think we know my record is terrible. I don't think we need to waste more time going through the PSI." (8/29/24 Hearing Tr., p. 18.)

{¶4} The state predicated its recommendation of a two-year term of imprisonment on Appellant's criminal history, which the state characterized as "a pretty consistent pattern" and described as follows:

> 2011, F4 drugs, violate, pen.
>
> 2014, F4 drugs, pen, judicial release, violation, back to the pen. 2014 – well, that was probably the basis for the new, sending him back to the pen after the judicial recess. He had an F5 theft.
>
> '16 an F3 burglary, community control, violation, pen.
>
> 2017, receiving stolen property, F5, pen.
>
> 2019, misuse of credit cards, four years of community control, a violation, pen.

(*Id.* at p. 19-20.) With credit for time served of 257 days, the state explained Appellant's sentence would expire at the same time as the Trumbull County sentence.

{¶5} Restitution in the cumulative amount of $1,818 was due in the three cases. However, the state informed the trial court that the victims were told "they're never going to see that money," as the state had "been through that exercise already [with Appellant.]" (*Id.* at p. 21.) Defense counsel asserted the majority of the restitution, $1,200, was owed to Appellant's relative, who did not want Appellant to be prosecuted.

{¶6} Defense counsel argued a community control sanction should be imposed, or in the alternative, the two-year recommended sentence should be served concurrently with the Trumbull County sentence. Defense counsel predicated his argument on the presumption against incarceration for non-violent fifth degree felonies codified in R.C.

2929.13(B)(1)(a). He argued Appellant's crimes were not crimes of violence, and despite Appellant's "extensive criminal history," he had no history of violence. (8/29/24 Hrg., p. 4.) Because Appellant's criminal history was replete with drug and theft convictions, defense counsel argued concurrent sentences would be appropriate because Appellant, who was thirty-three years of age at the hearing and whose wife had recently died, had never undergone any type of inpatient treatment. Finally, defense counsel argued Appellant was remorseful and wanted the opportunity to make restitution to his victims.

{¶7} At the hearing, Appellant apologized to the victims, who were not present, and acknowledged his drug addiction was no excuse for his crimes. Appellant stated he planned to pursue treatment upon his release from prison.

{¶8} Although Appellant disavowed his counsel's request for a community control sanction, he argued that two years is "excessive," in light of the fact that his co-defendant has a lengthier criminal history but received a sentence of probation. (*Id.* at p. 23-24.) As a consequence, Appellant requested the recommended two-year sentence be concurrent to the Trumbull County sentence so that he would only have to serve an additional seven months at the conclusion of the Trumbull County sentence, rather than an additional fifteen months. (*Id.* at p. 27.)

{¶9} Finally, Appellant argued the Trumbull County sentence was imposed for the same crime alleged in 24 CR 128. The state explained Appellant used the same credit card at Walmart locations in Mahoning and Trumbull County, resulting in identical charges for the same crime, committed in different counties.

{¶10} Prior to imposing sentence, the trial court acknowledged Appellant had committed multiple offenses against multiple victims, and previous prison sentences had "not really made an impact." (*Id.* at p. 29.) While the trial court appreciated Appellant's intention to attend a treatment program following his release from prison, the trial court explained Appellant should have entered a treatment program long ago. The trial court further explained the failure to acknowledge the harm suffered by each victim with a separate sentence would demean the harm.

{¶11} The trial court imposed six-month terms of imprisonment for each of the two receiving stolen property convictions and the two misuse of credit cards convictions in 23 CR 572A, to be served concurrently with one another and with the Trumbull County

sentence; a one-year term of imprisonment for the receiving stolen property conviction in 23 CR 589, to be served concurrently with the six-month sentences imposed in 23 CR 572A and the Trumbull County sentence, and a six-month term of imprisonment for the misuse of credit cards conviction in 23 CR 589, which was suspended; and a one-year term of imprisonment for the receiving stolen property and theft convictions in 24 CR 128, to be served concurrently with each other and with the six-month sentences imposed in 23 CR 572A and the Trumbull County sentence; but consecutively to the one-year term imposed in 23 CR 589, for an aggregate term of two years.

{¶12} The trial court made the following findings in support of the imposition of maximum, consecutive sentences:

> Now, two of the sentences are max[imum] sentences; in 24 CR 128 and 23 CR 589. And they are given because the defendant poses a great likelihood of committing future offenses. And the Court finds that a shorter sentence would demean the seriousness of the offense and not adequately protect the public in accordance with 2929.14.
>
> And a consecutive sentence would be necessary to protect the public from future crime by the defendant, punish the defendant, and that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and the danger he poses to the public. And they were committed while he was awaiting trial or sentencing. At least two of the offenses were committed as a part of a course of conduct. And the harm caused by two or more of them were so great or unusual that no single prison term for the offenses reflect adequately the seriousness of the defendant's conduct. And his criminal history demonstrates consecutive sentences are necessary to protect the public.

(*Id.* at p. 33-34.)

{¶13} This timely appeal followed.

Case No. 24 MA 0082

## ASSIGNMENT OF ERROR

{¶14} Appellant's assignment of error is stated differently in his "statement of assignment of error presented for review" and in the body of his appellate brief. His "statement of assignment of error presented for review" reads:

**THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO 24 MONTHS IN PRISON ON CHARGES THAT CARRIED A PRESUMPTION AGAINST INCARCERATION WHERE APPELLANT HAD NEVER BEEN GRANTED INPATIENT DRUG TREATMENT; APPELLANT EXPRESSED REMORSE FOR HIS ACTIONS, AND SOUGHT TO MAKE RESTITUTION.**

{¶15} However, the assignment of error in the body of the appellate brief reads:

**THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT TO 24 MONTHS IN PRISON FOR OFFENSES THAT CARRY A PRESUMPTION AGAINST INCARCERATION WHERE APPELLANT SOUGHT TO MAKE RESTITUTION AND ACQUIRE INPATIENT DRUG TREATMENT.**

{¶16} R.C. 2953.08(G) provides the appellate standard of review in all felony sentencing appeals. *State v. Michaels*, 2019-Ohio-497, ¶ 2 (7th Dist.), citing *State v. Marcum*, 2016-Ohio-1002, ¶ 1. R.C. 2953.08(G) reads in relevant part,

The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court

abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2)(a)-(b).

{¶17} Although trial courts have complete discretion to impose any term of imprisonment within the statutory range, they must consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12. R.C. 2929.11(A) provides that the overriding purposes of felony sentencing are (1) "to protect the public from future crime by the offender and others"; and (2) "to punish the offender . . . using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶18} R.C. 2929.12 provides a nonexhaustive list of sentencing factors the trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses. The court that imposes a felony sentence "has discretion to determine the most effective way to comply with the purposes and principles of sentencing." R.C. 2929.12(A). The factors a trial court may consider include the "more serious" factors, such as "[t]he physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim" and "[t]he victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense." R.C. 2929.12(B)(1) and (2). The court may also consider the "less serious" factors, any recidivism factors, and any mitigating factors listed in R.C. 2929.12(C)-(F).

**{¶19}** R.C. 2929.11 does not require the trial court to make any specific findings as to the purposes and principles of sentencing. *State v. Wilson*, 2011-Ohio-2669, ¶ 31. Similarly, R.C. 2929.12 does not require the trial court to "use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000). The trial court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences. *State v. Burkhart*, 2019-Ohio-2711, ¶ 16 (7th Dist.).

**{¶20}** In *State v. Jones*, 2020-Ohio-6729, the Ohio Supreme Court held "R.C. 2953.08(G)(2)(b) . . . does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶ 39. The Court explained that "an appellate court's determination that the record does not support a sentence does not equate to a determination that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)." *Id.* at ¶ 32.

**{¶21}** Accordingly, when reviewing a felony sentence imposed solely after consideration of the factors in R.C. 2929.11 and R.C. 2929.12, appellate courts no longer analyze whether the sentence is supported by the record. Rather, appellate review is limited to whether the felony sentence is contrary to law. *State v. Mayfield*, 2024-Ohio-5844, ¶ 15 (7th Dist.), citing *State v. Dorsey*, 2021-Ohio-76, ¶ 18 (2d Dist.) A sentence is "contrary to law if it falls outside of the statutory range for the particular degree of offense; if the trial court failed to properly consider the purposes and principles of felony sentencing as enumerated in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12; or if the trial court orders consecutive sentences and does not make the necessary consecutive sentence finding." *State v. Burkhart*, 2019-Ohio-2711, ¶ 12 (7th Dist.).

**{¶22}** Although Appellant argues the trial court imposed both maximum and consecutive sentences in 23 CR 589 and 24 CR 128, he does not challenge the trial court's findings with respect to the imposition of consecutive sentences. Instead, Appellant challenges the sentence by way of R.C. 2929.11 and R.C. 2929.12. Appellant cites the statutory presumption against prison sentences for non-violent fifth degree

felonies, as well as his remorse, his addiction, his desire to seek drug treatment and to make restitution to his victims.

{¶23} As summarized above, we may no longer consider challenges to a sentence based on R.C. 2929.11 and R.C. 2929.12. To the extent that Appellant contends his sentence is contrary to law based on the statutory presumption against imprisonment for non-violent fifth degree felonies, several exceptions apply. Relevant to the above-captioned appeal, the presumption does not apply where the offender has been convicted or pleaded guilty to a felony offense, R.C. 2929.13(B)(1)(a)(i), or the offender at the time of the offense had previously served a prison term, R.C. 2929.13(B)(1)(a)(ix). Both exceptions apply here. The trial court was aware of the statutory presumption and predicated the sentence on Appellant's lengthy criminal history. Further, the state acknowledged at the hearing that community control sanctions previously imposed to facilitate restitution had failed. Accordingly, we find Appellant's sole assignment of error is meritless.

## CONCLUSION

{¶24} In summary, the trial court considered the purposes and principles of felony sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12. Appellant's respective sentences are within the statutory range for fifth degree felonies and first degree misdemeanors, and the trial court made the required findings with respect to the imposition of consecutive sentences. Accordingly, we find Appellant's sentence is not contrary to law and Appellant's sentence is affirmed.

Waite, J., concurs.

Hanni, J., concurs.

Case No. 24 MA 0082

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgments of the Court of Common Pleas of Mahoning County, Ohio, are affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**